UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:23-24670-CIV-LENARD/DAMIAN

SHANTEE REESE,

    Plaintiff,

v.

ALORICA INC.,
a foreign profit corporation,

    Defendant.
_____/

**DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Alorica Inc., ("Alorica" or "Defendant"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Shantee Reese ("Plaintiff"), as follows:

**GENERAL ALLEGATIONS**

1. Defendant admits that Plaintiff is a woman. The remaining allegations of Paragraph 1 are denied.

2. Defendant admits Plaintiff has filed this action seeking damages under the Florida Civil Rights Act of 1992, *Fla. Stat.* § 760.10, *et seq.* ("FCRA") and the Miami-Dade County Human Rights Ordinance, § 12-26, § lIA-26, Code of Miami-Dade County *et seq.* ("MDHRO"), but denies that Defendant engaged in any actions which violated either of these statutes and further denies that Plaintiff is entitled to any damages from Defendant under these statutes or any other legal theory.

3. Defendant admits Plaintiff seeks monetary and other relief via this action. The remaining allegation of Paragraph 3 are denied.

CASE NO.: 23-cv-24670-LENARD

## **PARTIES**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4; thus, they are denied.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant admits the allegations of Paragraph 6.

7. Defendant neither admits nor denies the allegations contained in Paragraph 7 as they call for legal conclusions to which no response is required.

8. Defendant neither admits nor denies the allegations contained in Paragraph 8 as they call for legal conclusions to which no response is required.

9. Defendant neither admits nor denies the allegations contained in Paragraph 9 as they call for legal conclusions to which no response is required.

## **JURISDICTION AND VENUE**

10. Defendant does not contest jurisdiction.

11. Defendant does not contest venue.

## **ADMINISTRATIVE PREREQUISITES**

12. The allegations contained in Paragraph 12 call for legal conclusion(s) to which no response is required. However, they are denied.

13. Defendant admits Plaintiff filed a Charge of Discrimination with the EEOC. The remaining allegations contained in Paragraph 13 call for legal conclusion(s) to which no response is required; thus, they are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, thus, they are denied.

15. The allegations contained in Paragraph 15 call for legal conclusion(s) to which no response is required; thus, they are denied.

16. The allegations contained in Paragraph 16 call for legal conclusion(s) to which no response is required; thus, they are denied.

## FACTUAL ALLEGATIONS

17. Defendant admits it employed Plaintiff at certain points in time. Otherwise, the allegations contained in this Paragraph are denied.

18. Defendant admits it employed an individual named Nathan Cross. Otherwise, Paragraph 18 contains allegations which Defendant does not have first-hand witness knowledge of, which are the province of the jury, and which require legal conclusion(s). Thus, these remaining allegations are denied.

19. Defendant admits it employed an individual named Nathan Cross. Otherwise, Paragraph 19 contains allegations which Defendant does not have first-hand witness knowledge of, which are the province of the jury, and which require legal conclusion(s). Thus, these remaining allegations are denied.

20. Defendant admits it employed an individual named Nathan Cross. Otherwise, Paragraph 20 contains allegations which Defendant does not have first-hand witness knowledge of, which are the province of the jury, and which require legal conclusion(s). Thus, these remaining allegations are denied.

21. Paragraph 21 contains allegations which Defendant does not have first-hand witness knowledge of. Thus, these allegations are denied.

22. Defendant admits it employed an individual named Nathan Cross. Otherwise, Paragraph 22 contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these remaining allegations are denied.

23. Paragraph 23 contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

24. Paragraph 24 contains allegations of which Defendant does not have first-hand witness knowledge. Defendant admits there was a message sent from Plaintiff to Fernandez, but denied the remaining allegations of this Paragraph.

25. Defendant admits Jennifer Cowey approached Plaintiff to discuss a message. The remaining allegations of this Paragraph are denied.

26. Defendant admits it employed an induvial named Charles Alvarado, his title was operations manager and he had some level of supervisory authority over Plaintiff. The remaining allegations of this Paragraph are denied.

27. Defendant admits it employed an induvial named Jennifer Cowey, her title was team manager and she had some level of supervisory authority over Plaintiff. The remaining allegations of this Paragraph are denied.

28. Defendant admits that it informed Plaintiff that it would be investigating certain matters. The remaining allegations of this Paragraph are denied.

29. Defendant admits that Lisa Atkins handled the initial stage of the investigation, but the investigation was later handled by others. The remaining allegations of this Paragraph are denied.

30. The allegations of Paragraph 30 are denied.

31. Defendant admits that Plaintiff and Atkins spoke on or about this date. The remaining allegations of this Paragraph are denied.

32. Paragraph 32 contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

33. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

34. Defendant admits that on or about 12/9/22, Plaintiff informed Atkins of certain actions by Cross. The remaining allegations of this Paragraph are denied.

35. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

36. Defendant admits it employed an individual named Jorge Padilla, his title was team manager and he had some level of supervisory authority over Plaintiff. The remaining allegations of this Paragraph are denied.

37. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

38. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

39. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

40. Defendant admits it separated Cross and Plaintiff while conducting its investigation. The remaining allegations of this Paragraph are denied.

41. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge or which do not require a response. Thus, these allegations are denied.

42. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

43. This Paragraph contains allegations of which Defendant does not have first-hand witness knowledge. Thus, these allegations are denied.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits the email in question was sent on 12/30/22 and contends that the email speaks for itself. The remaining allegations of this Paragraph are denied.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant admits Plaintiff was given a final warning on or about December 30, 2022. The remaining allegations of this Paragraph are denied.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits Plaintiff was informed that she was on final warning. The remaining allegations of this Paragraph are denied.

57. Defendant admits Plaintiff was terminated on or about this date. The remaining allegations of this Paragraph are denied.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

## COUNT I
## §760.10(1), Fla. Stat.
### *Sex Discrimination*

68. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

69. Defendant neither admits nor denies the allegations contained in Paragraph 69 as they call for legal conclusions to which no response is required.

70. Defendant admits Plaintiff is a woman.

71. Defendant neither admits nor denies the allegations contained in Paragraph 71 as they call for legal conclusions to which no response is required.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant admits Plaintiff requests attorneys' fees and costs, but denies Plaintiff is entitled to any relief whatsoever.

## COUNT II
## §760.10(1), Fla. Stat.
### *Hostile Work Environment*

79. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

80. Defendant neither admits nor denies the allegations contained in Paragraph 80 as they call for legal conclusions to which no response is required.

81. Defendant admits Plaintiff is a woman.

82. Defendant neither admits nor denies the allegations contained in Paragraph 82 as they call for legal conclusions to which no response is required.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant admits Plaintiff requests attorneys' fees and costs, but denies Plaintiff is entitled to any relief whatsoever.

### COUNT III
### §760.10(1), Fla. Stat.
### *Retaliation*

90. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

91. Defendant neither admits nor denies the allegations contained in Paragraph 91 as they call for legal conclusions to which no response is required.

92. Defendant admits Plaintiff is a woman.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant admits Plaintiff requests attorneys' fees and costs, but denies Plaintiff is entitled to any relief whatsoever.

### COUNT IV
### § 11A-26(1), Code of Miami-Dade County
### *Sex Discrimination*

103. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

104. Defendant neither admits nor denies the allegations contained in Paragraph 104 as they call for legal conclusions to which no response is required.

105. Defendant admits Plaintiff is a woman.

106. Defendant neither admits nor denies the allegations contained in Paragraph 106 as they call for legal conclusions to which no response is required.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant admits Plaintiff requests attorneys' fees and costs, but denies Plaintiff is entitled to any relief whatsoever.

### COUNT V
### § 11A-26(1), Code of Miami-Dade County
### *Hostile Work Environment*

114. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

115. Defendant neither admits nor denies the allegations contained in Paragraph 115 as they call for legal conclusions to which no response is required.

116. Defendant admits Plaintiff is a woman.

117. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124. Defendant admits Plaintiff requests attorneys' fees and costs, but denies Plaintiff is entitled to any relief whatsoever.

## COUNT VI
## § 11A-26(1), Code of Miami-Dade County
### *Hostile Work Environment*

125. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as though fully set forth herein.

126. Defendant neither admits nor denies the allegations contained in Paragraph 126 as they call for legal conclusions to which no response is required.

127. Defendant admits Plaintiff is a woman.

128. Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130. Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132. Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134. Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Defendant admits Plaintiff requests attorneys' fees and costs, but denies Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Defendant avers that Plaintiff has demanded a trial by jury of all issues so triable, but denies that there are any issues to be tried.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced, in whole or in part, to the extent discovery reveals Plaintiff failed to take reasonable steps to mitigate her damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded to the extent that Plaintiff did not properly report the alleged harassment and/or discrimination to her employer.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred because any actions undertaken by Defendant with regard to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails and/or her recovery of damages is limited because Defendant exercised reasonable care to prevent and correct promptly, any alleged discriminatory and

retaliatory behavior. Specifically, during Plaintiff's employment Defendant had in effect and enforced anti-discrimination and anti-retaliation policies and Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has made good-faith efforts to prevent discrimination and retaliation in the workplace, and thus cannot be liable for the decision of its agents, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination and/or anti-retaliation statutes.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (or limited) to the extent it is revealed in discovery that she engaged in misconduct prior to, during, or in connection with her employment, that otherwise would have resulted in her discharge if such conduct were then known to Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's interim earnings, or amounts she could have earned with reasonable diligence, should set off or reduce any back pay otherwise recoverable by Plaintiff.

### RESERVATION

Defendant reserves the right to raise additional affirmative defenses as discovery may reveal and as the interests of justice require.

**WHEREFORE,** having fully answered the Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that the Court: (i) dismiss with prejudice the Complaint in its entirety; (ii) award Defendant its costs, disbursements and attorneys' fees; and (iii) grant such other and further relief as the Court may deem just and proper.

CASE NO.: 23-cv-24670-LENARD

Dated:  January 22, 2024

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*/s/ Dion Cassata*
Dion J. Cassata, Esq.
Email: *dion.cassata@jacksonlewis.com*
Florida Bar No. 672564

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

*s/ Dion J. Cassata*
Dion J. Cassata, Esq.

## SERVICE LIST

Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
E-mail: *kyle@dereksmithlaw.com*

DEREK SMITH LAW GROUP, PLLC
520 Brickell Key Drive, Suite O-301
Miami, Florida 33131
Telephone: (305) 946-1884

*Counsel for Plaintiff*

Dion J. Cassata, Esq.
Florida Bar No. 672564
E-mail:  *dion.cassata@jacksonlewis.com*

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*