# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

SHANTE REESE,

          Plaintiff,                        CASE NO.: 1:23-cv-24670-JAL

  v.

ALORICA, INC.,

          Defendant.

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, SHANTE REESE ("Plaintiff" and/or "Ms. Reese"), by and through her undersigned counsel, hereby submits the following interrogatories to Defendant, ALORICA, INC. ("Defendant" and/or "Alorica"). Pursuant to Federal Rule of Civil Procedure 33, you are required to answer these interrogatories no later than thirty (30) calendar days following service, to Plaintiff's undersigned counsel at 520 Brickell Key Drive, Suite O-301, Miami, FL 33131 or via e-mail.

Dated:  Miami, Florida               **DEREK SMITH LAW GROUP, PLLC**
        March 4, 2024,             *Counsel for Plaintiff*

                                 */s/ Kyle T. MacDonald*
                                 Kyle T. MacDonald, Esq.
                                 Florida Bar No.: 1038749
                                 Derek Smith Law Group, PLLC
                                 520 Brickell Key Drive, Suite O-301
                                 Miami, FL 33131
                                 Tel: (305) 946-1884
                                 Fax: (305) 503-6741
                                 Kyle@dereksmithlaw.com

## <u>INSTRUCTIONS</u>

Please comply with the following instructions when responding to these interrogatories:

1.      In answering these Interrogatories, Plaintiff requests the furnishing, under oath, of all information in your possession or available to you, including information possessed by your attorneys.

2.      You must provide a separate answer for each Interrogatory.

3.      You may only provide estimates or approximations where precise data is unavailable.

4.      The source, or sources of information, and derivation of each answer should be separately set forth and identified with a description sufficient for use in a subpoena duces tecum, unless the person signing the answers to the Interrogatories, under oath, has his or her personal and direct knowledge of the facts or information underlying the answers provided.

5.      Every Interrogatory herein is deemed a continuing Interrogatory and Defendant is to supplement its answers promptly if and when Defendant obtains relevant information which adds to, or is in any way inconsistent with, Defendant's initial answer to any such Interrogatory.

6.      You have an obligation to supplement or amend its responses if such responses are rendered incorrect or incomplete due to any reason, including, but not limited to, the passage of time, discovery or additional information, or change of intention.

7.      Each Interrogatory that refers to or seeks a description of an act, transaction, occurrence, dealing, or instance, must include:

    a.      the date, including the year, month and day;

    b.      the location where the event, action, transaction, occurrence, dealing or instance occurred;

2

    c.      the identity of each person participating in such act;

    d.      a description of whose behalf each person participated or purported to participate for;

    e.      the nature, subject matter, and circumstances surrounding the particular action, transaction, occurrence, dealing, or instance;

    f.      the nature and substance of all conversations or oral communications occurring during, or in connection with the action, transaction, occurrence, dealing or instance; and

    g.      all documents connected with such action, transaction, occurrence, dealing or instance.

8.     Any word written in the singular form shall be construed as plural or vice versa when such modification is necessary to facilitate the response to any request.

9.     If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object to or to which you do not decline to answer.

10.     If you state an objection to an interrogatory on the ground that the interrogatory is overbroad, provide the information you contend would be within the scope of permissible discovery.

11.     If you object to an interrogatory on the ground that providing such answer would constitute an undue burden, provide all requested information that can be supplied without undertaking an undue burden.

12.     For those portions of an interrogatory to which you object or otherwise decline to answer, describe the reason for such objection or declination.

## **DEFINITIONS**

Please use the following definitions and comply with the following instructions in responding to the herein Interrogatories:

1.      The term "**you**" or "**your**" shall mean the person(s) or business entity to whom these Interrogatories are addressed, including all other persons acting or purporting to act on the entity's behalf.

2.      "**Defendant,**" "**Alorica,**" or "**Alorica, Inc.**" shall mean Defendant Alorica, Inc., including servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on behalf of Defendant Alorica, Inc..

3.      "**Plaintiff,**" "**Shante Reese,**" "**Ms. Reese**" shall mean the Plaintiff in this action, Shante Reese.

4.      "**Employer**" shall mean the Defendant in this action.

5.      "**Complaint**" shall mean the operative Complaint in this action.

6.      "**Employment**" shall mean the entire time period during which an individual was receiving compensation of any kind from the Defendant, regardless of whether Defendant classified the individual as an independent contractor or an employee for tax purposes during that period.

7.      "**Pay Period**" shall mean whatever seven-day period (e.g. Sunday to Saturday) is or was used by the Employer for calculation of pay and/or overtime pay.  If the Employer does not or did not use such a seven-day period and instead uses or used some other interval (e.g. calendar month) for calculation of pay, then "Pay Period" means such an interval.  Otherwise, "Pay Period" means the seven-day period starting on Sunday at 12:01 A.M.  (**Note:** "**Pay Period**" **does not**

necessarily correspond to the interval at which employees were actually paid by the Employer.)

8.    "**Identify**" shall mean:

    A.    All individuals requested to be named include the identified individual's current or last known address (business and home), current or last known telephone number (business and home), current or last known business position or title, and whether the individual is currently employed by the Defendant; and

    B.    with respect to a document, that you are to provide the date, the identity of the addressee and/or recipient, sender and/or author thereof, and the form of the document (*e.g.*, letter, inter-office memo, etc.).

9.    "**Describe**" shall mean to describe fully, by reference to all relevant facts rather than the ultimate facts or conclusions of law or facts.

10.    "**State**" means to set forth, fully and unambiguously, each and every fact which the answering party and/or his agent/representative has which is relevant to the answer called for by the particular interrogatory.

11.    "**Communication**" and/or "**communications**" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, or direct or indirect representation, or transcribed thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means. This includes but is not limited to any utterance heard by another person, whether in person, by telephone, by mechanical or electronic reproduction or otherwise, every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of informationwhether orally or by document or whether face-to-face, by telephone, mail, personaldelivery, or otherwise.

12.    "**All communications**" shall mean each and every communication as above defined that is known to you or about which you have any information.

13. "**Person**" or "**persons**" shall mean any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, including its officers, directors, members, agents and/or employees.

14. "**Date**" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

15. "**Agent**" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

16. "**Document**" or "**documents**" shall mean all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including but not limited to emails, text messages, social media postings, and any files stored on any personal computer(s), notebook or laptop computer, file server, portable drive, or other storage device as well as written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms;

pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; Electronically Stored Information ("ESI") and any other documents within Defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

17.     "**All documents**" shall mean every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

18.     "**Referring to**" or "**relating to**" shall mean to refer to, reflect, pertain or in any manner be connected with the matter discussed.

19.     "**Documents referring or relating to**" or "**communications referring or relating to**" any given subject means each document and communication that constitutes, deals with, refers to or is in any way pertinent to that given subject, including but not limited to documents and communications concerning the preparation of other documents.

20.     "**Concerning**" includes all that which refers to, relates to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, states or concerns in any way, a given matter.

21.     The word "**any**" means "**any and all**"; the word "**each**" means "**each and every**"; and the word "**including**" means "**including but not limited to**."

22.     Unless otherwise defined herein, all words and phrases are to be given their plain, customary, and usual meanings.

23.     Any interrogatory framed in the disjunctive shall also be taken in the conjunctive and vice versa.

24.     All words in the present tense include the past and all words in the past tense include the present.

25.     As used herein, the singular shall include the plural; the plural shall include the singular; and the masculine, feminine, and neuter shall include each of the other genders.

## **INTERROGATORIES**

1.      Identify all persons whom you contend have knowledge of the facts and circumstances, including but not limited to any claims and/or defenses, alleged in the Pleadings, including the facts which you contend are known to each person, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person.

**ANSWER:**


2.      Identify the name, address, telephone number and email address of any person, entity or internal department who provided information, consultation, or assistance with answering these Interrogatories.   If applicable, please include an identified person's official position or relationship to the Defendant.

**ANSWER:**


3.      List all documents, with particularity, that you consulted, relied on, or have any relation to the substance of these interrogatories even if you did not consult with such documents to prepare these Interrogatories.   Please state the title of each document, identify its signatories, including their titles, the date the document was prepared or signed, and the name of its present custodian and present location.   Please include and list separately, any and all drafts of each document.   Finally, if a document is stored electronically and/or in binary format, please state the location of the hard drive or other media where the information is stored.

**ANSWER:**


4.      State every known instance Defendant or Defendant's agent(s) reprimanded, counseled, or otherwise disciplined Plaintiff, whether oral, written, or otherwise.   Include the

extent of the punishment for Plaintiff's alleged violation and describe the applicable internal policy.  Additionally, please include the name of the individual who reprimanded Plaintiff on Defendant's behalf.

**<u>ANSWER</u>:**

5.      For the last seven (7) years, state in detail any and all prior allegations made against Defendant for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance.  Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against Defendant with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance with the Defendant's policy. For each claim, list the following:

      a.   the name, address and telephone number for the claimant and his/her attorney;

      b.   the nature of the event;

      c.   the names and address of all parties involved;

      d.   the date and manner in which the event was resolved; and

      e.   if any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

**<u>ANSWER</u>:**

6.      State in detail any and all prior allegations made against NATHAN CROSS for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance.  Such complaints include those your employees/agents made, internally, formal, or

otherwise, and those employment grievances filed against NATHAN CROSS with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance. For each claim, list the following:

      a.   the name, address and telephone number for the claimant and his/her attorney;

      b.   the nature of the event;

      c.   the names and address of all parties involved;

      d.   the date and manner in which the event was resolved; and

      e.   if any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

**<u>ANSWER</u>**:


7.     Identify if NATHAN CROSS has ever been arrested and/or convicted of a criminal offense, either by trial or guilty plea, identify the county and/or federal judicial district where he was convicted, the crime, date of conviction, and the case number. For each arrest and/or conviction, please describe in detail the circumstances surrounding the arrest and/or subsequent conviction.

**<u>ANSWER</u>**:


8.     Describe any employment benefits Plaintiff received during her employment with Defendant, including but not limited to, Plaintiff's salary, in addition to health insurance benefits,

sick leave benefits, or any other benefits Plaintiff was entitled to or eligible to receive as an employee of Defendant.

**ANSWER:**

9.     Identify each and every person from whom you, or anyone acting in your behalf, has obtained any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit. Include in your answer the identity of the custodian of same.

**ANSWER:**

10.     List any and all written and/or recorded statements or reports of all witnesses or potential witnesses in this lawsuit in your possession, custody or control, excluding any privileged reports or statements between any party to this action and the party's attorneys.

**ANSWER:**

11.     Identify all persons involved in and/or otherwise aware of the investigation into Plaintiff's complaints and accusations as related to her employment with Defendant and the asserted discriminatory practices, including, but not limited to, human resources personnel, supervisors, employees, independent contractors, or any other person who acted as Defendant's agent(s), and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person. Include in your response all documents prepared, obtained, and/or otherwise reviewed during the course of any such investigation.

**ANSWER:**

12.     Identify all employees who were responsible for either preparing and/or administering Defendant's personnel, employee(s) and human resources policies, trainings, and/or procedures during the Plaintiff's employment with Defendant, including but not limited to the employee(s) designated and responsible for receiving and investigating complaints of discrimination, harassment, and/or retaliation from employees.

**ANSWER:**

13.     Describe in detail any alleged deficiencies or issues that Defendant had with Plaintiff's work performance or attendance during Plaintiff's employment with Defendant, if any. In doing so, identify any and all documents which reflect said deficiencies or issues.

**ANSWER:**

14.     Describe in detail the reason for the Plaintiff's termination, including the date of termination, and the name, title, supervisor, and gender, of any employee(s) involved, whether in whole or in part, in the decision to terminate the Plaintiff.

**ANSWER:**

15.     Identify all employee(s) of Defendant in the State of Florida who have been terminated from January 1, 2019, to the present, for the same reason described in response to Interrogatory No. 14 above, including the name, title, supervisor, worksite, and gender, of any employee(s) identified.

**ANSWER:**

16.     Identify any complaint(s) of discrimination or harassment reported by the Plaintiff to the Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any remedial action taken in connection with, or in response to, such complaint(s).

**<u>ANSWER</u>:**

17.     Identify any complaint(s) of discrimination or harassment reported by any employee against NATHAN CROSS during his employment with Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any investigation or inquiry in connection with, or in response to, such complaint(s).

**<u>ANSWER</u>:**

18.     Identify any investigations or inquiries conducted in response to any complaint(s) of discrimination or harassment reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (4) the name, tittle, and gender of any employee(s) responsible for conducting the investigation.

**<u>ANSWER</u>:**

19.     Describe in detail the reason for NATHAN CROSS' termination, including the date of termination, and the name, title, supervisor, and gender, of any employee(s) involved, whether in whole or in part, in the decision to terminate NATHAN CROSS.

**<u>ANSWER</u>:**

20.     Identify all employees of Defendant whom you contend had supervisory authority over the Plaintiff during the course of the Plaintiff's employment with the Defendant, and provide the name, title, supervisor, and gender, and indicate whether they are still employed with Defendant.

**<u>ANSWER</u>:**

21.     State the terms of any insurance agreement under which any person or entity engaged in the insurance business may be liable to satisfy part or all of any judgment which may be entered against Defendant in this action.

**<u>ANSWER</u>:**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on March 4, 2024, on all counsel of record on the service list below via email.

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**JACKSON LEWIS, P.C.**

Dion J. Cassata, Esq.
Florida Bar No.: 672564
Email: dion.cassata@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendant Alorica, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

SHANTE REESE,

        Plaintiff,                        CASE NO.: 1:23-cv-24670-JAL

    v.

ALORICA, INC.,

        Defendant.

_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

      Plaintiff, SHANTE REESE ("Plaintiff" and/or "Ms. Reese"), by and through her undersigned counsel, hereby requests that Defendant, ALORICA, INC. ("Defendant" and/or "Alorica"), produce the following items. Pursuant to Federal Rule of Civil Procedure 34, you are required to produce these items no later than thirty (30) calendar days following service, to Plaintiff's undersigned counsel at 520 Brickell Key Drive, Suite O-301, Miami, FL 33131 or via e-mail.

      Dated:  Miami, Florida               **DEREK SMITH LAW GROUP, PLLC**
             March 4, 2024,               *Counsel for Plaintiff*


                                      */s/ Kyle T. MacDonald*
                                        Kyle T. MacDonald, Esq.
                                        Florida Bar No.: 1038749
                                        Derek Smith Law Group, PLLC
                                        520 Brickell Key Drive, Suite O-301
                                        Miami, FL 33131
                                        Tel: (305) 946-1884
                                        Fax: (305) 503-6741
                                        Kyle@dereksmithlaw.com

1

## <u>INSTRUCTIONS</u>

The following instructions are to be considered applicable to this request with respect to each document sought herein:

1. **<u>ORIGINAL DOCUMENTS</u>**

In producing these documents, you are requested to produce originals, not copies, of the documents requested. You are also requested to furnish all documents known or available to you, regardless of whether these documents are held or produced directly by you or your agent, employees, representatives, investigators, partners, or by your attorneys or their agents, employees, representatives or investigators. The documents which are sought by this request for production shall include not only those documents which are in the dominion or control of yourself, or your representatives or agents, but also those which are held by anyone on your behalf, and not merely such documents as are known to you of your own personal knowledge.

2. **<u>ELECTRONIC DOCUMENTS</u>**

When a document in electronic form is responsive to this discovery request, please produce such other information about the format in which the document is stored and the program that created it so that the document may be meaningfully opened, read, and used.

3. **<u>COPIES</u>**

If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies are not identical or are no longer identical by reason of subsequent notations or modifications of any kind whatsoever, including without limitation, notations on the front and the back of the pages thereof, then each such non-identical copy is a separate document and must be produced.

4. **<u>PRIVILEGES</u>**

In the event that you seek to withhold any documents on the basis that it is properly entitled to limitation of discovery, or is subject to an Insurance Policy or privilege, please identify each such document withheld by providing the following information:

   a.  the date of the document;
   b.  the subject to which the document relates;
   c.  the author of the document, and the author's address;
   d.  the name of the recipient, addressee, or party for whom such document was intended, and the name of all other persons to whom the document or copies thereof were furnished, as well as those to whom it, or copies thereof, became available at any time, together with the job title and address of each person so identified; and,

2

e.  the basis for the Insurance Policy or privilege. If you assert a privilege as to any portion of any categories of materials described herein, please produce the remainder of that category as to which you do not assert a privilege.

**5.  LOST DOCUMENTS OR THINGS**

If you have any knowledge of any document called for by this discovery request that was at one time, but is no longer in your possession, custody, or control, identify each such document and state whether it is:

a.  missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

b.  for each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition.

**6.  SUPPLEMENTING THE PRODUCTION**

This request shall be deemed continuing so as to require prompt, further and supplemental production if Respondent locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein and any and all other rules of the court having jurisdiction over this matter.

**7.  OBJECTION TO A DOCUMENT REQUEST**

If you state an objection to a document request, please provide the documents that you contend would be within the scope of permissible discovery.  If you object to part of any request to produce and refuse to answer that request, state your objection, identify the part to which you are objecting, and answer the remaining portion of the request.  If you object to the scope or the time period of any request, state your objection, identify the scope or time period to which you are objecting and answer the request for the scope or time period you believe appropriate.

## **DEFINITIONS**

Please use the following definitions and comply with the following instructions in responding to this document request.

1.  "**Defendant**," "**Alorica**,""**Alorica, Inc.,**" "**you**" or "**your**" shall mean Defendant Alorica, Inc., including servants, agents, employees, representatives, divisions, attorneys, and anyone else acting on behalf of Defendant, Alorica, Inc.

2. "**Plaintiff**," "Shante Reese," "Ms. Reese" shall mean the Plaintiff in this action, Shante Reese.

3. "**Person**" or "**persons**" means any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, including its officers, directors, members, agents and/or employees.

4. "**Date**" means the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

5. "**Agent**" means any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6. "**Employment**" or "**employed**" means the entire time period during which an individual was receiving compensation of any kind from Defendant, regardless of whether Defendant classified the individual as an independent contractor or an employee for tax purposes during that period.

7. "**Pay Period**" shall mean whatever seven-day period (e.g. Sunday to Saturday) is or was used by the Employer for calculation of pay and/or overtime pay.  If the Employer does not or did not use such a seven-day period and instead uses or used some other interval (e.g. calendar month) for calculation of pay, then "Pay Period" means such an interval. Otherwise, "Pay Period" means the seven-day period starting on Sunday at 12:01 A.M. (**Note:   "Pay Period" does not necessarily correspond to the interval at which employees were actually paid by the Employer.**)

8. "**Document**" or "**documents**" means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including but not limited to emails, text messages, social media postings, and any files stored on any personal computer(s), notebook or laptop computer, file server, portable drive, or other storage device as well as written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes;

4

diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; Electronically Stored Information ("ESI") and any other documents within Defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

9. "**Electronically Stored Information**" and "**ESI**" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases; erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; smart phones; IM tools; or USB drives.

10. "**All documents**" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

11. "**Communication**" means any utterance heard by another person, whether in person, by telephone, by mechanical or electronic reproduction or otherwise, every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

12. "**All communications**" means each and every communication as above defined that is known to you or about which you have any information.

13. "**Referring to**" or "**relating to**" means to refer to, reflect, pertain or in any manner be connected with the matter discussed.

14. "**Documents referring or relating to**" or "**communications referring or relating to**" any given subject means each document and communication that constitutes, deals with, refers to or is in any way pertinent to that given subject, including but not limited to documents and communications concerning the preparation of other documents.

15. "**Concerning**" includes all that which refers to, relates to, constitutes, describes, evidences, contains, discusses, embodies, reflects, identifies, states or concerns in any way, a given matter.

16. Unless otherwise defined herein, all words and phrases are to be given their plain, customary and usual meanings.

17. Any request framed in the disjunctive shall also be taken in the conjunctive and vice versa.

18. The word "**any**" means "**any and all**"; the word "**each**" means "**each and every**"; and the word "**including**" means "**including but not limited to**."

19. All words in the present tense include the past and all words in the past tense include the present.

20. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

## **REQUESTED DOCUMENTS**

1.      All documents in the possession or control of Defendant that relate or pertain to the Plaintiff.

2.      All documents identified and/or listed in your answers to Plaintiff's First Set of Interrogatories.

3.      All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

4.      Any and all photographs, negatives, recordings, and/or videos of Plaintiff.

5.      Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and Defendant and/or Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's employment with Defendant.

6.      Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between NATHAN CROSS and any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's employment with Defendant.

7.      Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

8.     Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

9.     Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between NATHAN CROSS and any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

10.    All communications sent or received via the Defendant's internal messaging system, referring or relating to the keyword terms "Shante Reese" or from October of 2022 to the present.

11.    Any and all non-privileged communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, or other forms of internal communication between Defendant's employees, managers, officers, and/or other staff discussing Plaintiff and/or the claims asserted in this lawsuit, from October of 2022 to the present.

12.    All documents that relate or pertain to any position(s) that Plaintiff held with Defendant, including but not limited to, documents referring to or relating to Plaintiff's performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

13.     All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

14.     All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of her employment with Defendant.

15.     All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

16.     All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

17.     The complete personnel file of Plaintiff SHANTE REESE including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time; and, if not included in the personnel file, all documents which reflect or set forth Plaintiff's job duties and responsibilities during her relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or write-ups, and all documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff.

18.     The complete personnel file of NATHAN CROSS, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against NATHAN CROSS, and any complaints or reports about her made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

19.     The complete personnel file of JOSEFINA GOMEZ, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, and any complaints or reports of discrimination, harassment, or retaliation made by her against any of Defendant's employees.

20.     The complete personnel file of each individual identified in response to Plaintiff's Interrogatory No. 15, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against each individual, and any complaints or reports about her made by any

employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

21.    All documents that relate or pertain to Defendant's personnel handbook provided to employees at the outset of their employment, which was in effect during the course of Plaintiff's employment, which describes Defendant's employment policies to prevent discrimination under federal and state employment discrimination laws.

22.    All documents that relate or pertain to Defendant's policies or procedures regarding harassment, discrimination, and retaliation which were in effect during Plaintiff's employment with the Defendant.

23.    All documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding the investigation of employee complaints of discrimination or retaliation, which were in effect during Plaintiff's employment with Defendant.

24.    All documents that relate or pertain to Defendant's polices, including EEO (Equal Employment Opportunity) policies, employee computer and internet use policies, internal complaint or grievance procedures, EAP Program, vacation and paid time off policies and procedures, and employee discipline policies (including but not limited to, counseling, written warnings, suspension, demotion, and termination policies), policies on promotions and/or severance pay, which were in effect during Plaintiff's employment with Defendant.

25.    All documents that relate or pertain to Defendant's polices concerning sexual harassment, which were in effect during Plaintiff's employment with Defendant.

26.    All documents that relate or pertain to Defendant's policies regarding absenteeism, sick leave, sick days, personal days, missing or leaving work, which were in effect at any time during Plaintiff's employment.

27.     All documents that reflect, describe, or relate to the financial condition (including all assets and liabilities) of Defendant, for the past five (5) years, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss, and income tax returns (including information returns).

28.     All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Defendant since January 1, 2019.

29.     All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal complaints, discrimination, and/or retaliation, which were made by any person against any of Defendant's employees, agents, managers, officers, supervisors or directors at any time during Plaintiff's employment with Defendant.

30.     All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against NATHAN CROSS at any time during his employment.

31.     All non-privileged documents of Plaintiff's complaints of harassment, discrimination, or retaliation, during the course of Plaintiff's employment with the Defendant.

32.     All documents, including emails and text messages, relating to or evidencing any investigation by Defendant into Plaintiff's complaints of discrimination and/or harassment, which are at issue in this lawsuit, and the action taken in response to those complaints and/or investigations.

33.     All documents supplied to any state, federal and/or local agency by Defendant regarding Plaintiff, including but not limited to any and all documents showing communications

between Agency and any city, state, federal and/or local Official concerning Plaintiff, including position statements given to the EEOC and/or the Florida Commission on Human Relations.

34.     All documents that relate or pertain to Plaintiff's applications for promotions or alternative positions with Defendant throughout the entirety of her employment, including but not limited to applications, job postings, resumes, candidate lists, interview records/notes, and calendaring.

35.     All documents, including emails and text messages evidencing, reflecting, or describing, in whole or in part, the Plaintiff's resignation and/or termination.

36.     All documents you intend to introduce at trial and/or summary judgment to defend against Plaintiff's claims or to support the affirmative defenses raised in your answer.

37.     All documents that relate or pertain to those persons who Defendant intends to call as an expert witness, as well as the copy of said expert's report, memoranda or other items contained in said expert witness' file including all correspondence or emails between said expert and Defendant or Defendant's counsel, if any.

38.     All documents received as a result of any subpoena(s), release(s), or FOIA request(s), you have issued in connection with this matter.

39.     All statements, oral or written, sworn or otherwise, taken from any witnesses, Defendant's current or former employees, officers, representatives, or agents or any third parties, and any memoranda of interviews concerning the subject matter of this litigation.

40.     Any report or other documents provided to you by a private investigator that relate or refer to the above-styled matter.

41.     All documents which relate or pertain to any agreements between you and any third parties concerning Plaintiff or the subject matter of this action.

42.     All insurance policies pursuant to which any portion of claims alleged in this case will or may be indemnified.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on March 4, 2024, on all counsel of record on the service list below via email.

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## <u>SERVICE LIST</u>

**JACKSON LEWIS, P.C.**

Dion J. Cassata, Esq.
Florida Bar No.: 672564
Email: dion.cassata@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendant Alorica, Inc.*