# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SHANTE REESE,

      Plaintiff,                                       CASE NO.: 1:23-cv-24670-JAL

v.

ALORICA, INC.,

      Defendant.
_____/

## EXHIBIT D - PLAINTIFF'S LIST OF AUTHORITIES

Plaintiff, SHANTE REESE ("Plaintiff"), by and through her undersigned counsel, hereby submits her List of Authorities in support of her position with copies attached, marked as Exhibit D.

   Dated:  Miami, Florida
             May 20, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

<u>/s/ Kyle T. MacDonald</u>
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Kyle@dereksmithlaw.com

1

2

**PLAINTIFF'S LIST OF AUTHORITIES**

Southern District of Florida Local Rule 26.1(e)(2)(a)……………….……………..…….……D-1

*Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*,
    2022 U.S. Dist. LEXIS 189323 (S.D. Fla. Oct. 17, 2022)………………..……..……..D-2

*[This Space Intentionally Left Blank]*

under this rule, or lack of notice, will not serve as a substitute for, or as a waiver of, any pleading requirements set forth in the Federal Rules of Civil Procedure or statutes.

Effective December 1, 1994. Amended effective April 15, 2007; April 15, 2010; December 1, 2015.

### Authority

(1993) Former Local Rule 9; Model Rule 24.1.

### RULE 26.1 DISCOVERY AND DISCOVERY MATERIAL (CIVIL)

**(a) Generally**. Parties may stipulate in writing to modify any practice or procedure governing discovery hereunder unless doing so would violate a Court-ordered deadline, obligation, or restriction.

**(b) Service and Filing of Discovery Material**. Initial and expert disclosures and the following discovery requests, responses, objections, notices or any associated proof of service shall not be filed until they are used in the proceeding or the court orders their filing: (1) deposition transcripts; (2) interrogatories; (3) requests for documents, electronically stored information or things, or to permit entry upon land; (4) requests for admission; (5) notices of taking depositions or notices of serving subpoenas; and (6) privilege logs.

**(c) Discovery Material to Be Filed at Outset of Trial or at Filing of Pre-trial or Post-trial Motions**. If any written discovery is to be used at trial or is necessary to a pre-trial or post-trial motion, the portions to be used shall be filed with the Clerk of the Court, and served on all parties, at the outset of the trial or at the filing and service on all parties of the motion insofar as their use can be reasonably anticipated by the parties having custody thereof.

**(d) Completion of Discovery**. Party and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

**(e) Interrogatories and Production Requests**.

  (1) Each interrogatory objection and/or response must immediately follow the quoted interrogatory, and no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

  (2) Assertion of Privilege:

    (A) Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

(B) Where a claim of privilege is asserted in objecting to any interrogatory or production demand, or sub-part thereof, and a complete answer is not provided on the basis of such assertion, within the time provided by subpart (D) below:

(i) The party asserting the privilege shall in the objection to the interrogatory or document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(ii) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(a) For documents or electronically stored information, to the extent the information is readily obtainable from the witness being deposed or otherwise: (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel); (2) general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; and (4) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other;

(b) For oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of communication; and (3) the general subject matter of the communication.

(c) For documents, electronically stored information, things, or oral communications withheld on the basis of a claim of trade-secret privilege (other than the alleged trade secrets at issue in any claim for misappropriation of trade secrets asserted under the Defend Trade Secrets Act, 18 U.S.C. §1836 et seq., the Uniform Trade Secrets Act as adopted by any State, or any other law), the party asserting the objection shall generally describe: (1) the documents, electronically stored information, things, or oral communications being

47



Neutral

As of: May 20, 2024 1:51 PM Z

## Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC

United States District Court for the Southern District of Florida

October 17, 2022, Decided; October 17, 2022, Entered on Docket

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

**Reporter**
2022 U.S. Dist. LEXIS 189323 *; 2022 WL 9762385

BLUEGREEN VACATIONS UNLIMITED, INC., and BLUEGREEN VACATIONS CORPORATION, Plaintiffs, v. TIMESHARE TERMINATION TEAM, LLC, et al., Defendants.

**Prior History:** Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC, 2021 U.S. Dist. LEXIS 58701, 2021 WL 1177481 (S.D. Fla., Mar. 26, 2021)

## Core Terms

discovery, email, contrary to law, electronic, Notice, clearly erroneous, misapply, waived, email address, calendaring

**Counsel: [*1]** For Bluegreen Vacations Unlimited, Inc., a Florida corporation, Bluegreen Vacations Corporation, a Florida corporation, Plaintiffs: Alfred Joseph Bennington, Jr., LEAD ATTORNEY, Shutts & Bowen, Keene's Point, Windermere, FL; Glennys Ortega Rubin, LEAD ATTORNEY, Shutts & Bowen, Orlando, FL; Michael James Quinn, LEAD ATTORNEY, Shutts, Bowen LLP, Orlando, FL; Eric Christu, Shutts & Bowen LLP, West Palm Beach, FL.

For Timeshare Termination Team, LLC, a Colorado limited liability company, Vindaloo Travel Network, LLC, a Colorado limited liability company doing business as Timeshare Termination Team also known as Timeshare Termination Team, LLC, Brian Stephen Wilbur, an individual, Holly Wilbur, an individual, Defendants: Mark Richard Cheskin, LEAD ATTORNEY, Hogan Lovells US LLP, Brickell World Plaza, Miami, FL.

For Freedom Consumer Services, LLC, a Nevada limited liability doing business as Timeshare Freedom Group doing business as Timeshare Freedom, Jordan Salkin, an individual, Defendants: Mishaal Kirit Patel, Legacy Law, P.A., Miami, FL.

For Systema Marketing, Inc., a Nevada corporation, Shayna G. Schroeder, an individual, Defendants: Shannon L. Zetrouer, LEAD ATTORNEY, Zetrouer Pulsifer, **[*2]** PLLC, St. Petersburg, FL.

For Harold O. Miller, an individual, Defendant: Todd Michael Hoepker, LEAD ATTORNEY, Todd M. Hoepker, P.A., Orlando, FL.

For Michael A. Molfetta, an individual, Molfetta Law, LLC, a California limited liability company, Defendants: Omar Mustafa Saleh, LEAD ATTORNEY, CAIR Florida, Inc., Tampa, FL.

**Judges:** BETH BLOOM, UNITED STATES DISTRICT JUDGE.

**Opinion by:** BETH BLOOM

## Opinion

### ORDER ON OBJECTION TO MAGISTRATE'S ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Objection to Magistrate's Order Waiving All Objections to Molfetta's First Request for Production, ECF No. [375] ("Objection"). Defendants Michael Molfetta and Molfetta Law, LLC (together, "Molfetta Defendants") filed a Response, ECF No. [384], to which Plaintiffs filed a Reply, ECF No. [386]. The Court has carefully considered the Objection, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objection is overruled.

### I. BACKGROUND

On April 5, 2022, Molfetta Defendants sent their First Request for Production ("RFP") to Plaintiffs via email to five of their counsel of record. ECF Nos. [375-3], [384-1]. According to the applicable rules of procedure, Plaintiffs' **[*3]** responses to the RFP were due on May

5, 2022. After Plaintiffs failed to file any responses or request an extension of time in which to do so, Molfetta Defendants contacted Plaintiffs about the RFP on May 23, 2022. *See* ECF Nos. [375-4], [384-2] at 3. In that correspondence, Molfetta Defendants expressed their belief that any objections to the RFPs would be waived as a result. *Id.* On May 25, 2022, Plaintiffs served their responses and objections to the RFP. *See* ECF Nos. [375-5], [384-3].

On July 6, 2022, Molfetta Defendants filed a Notice of Telephonic Discovery Hearing, ECF No. [354], in which they identified a disagreement between the parties with respect to waiver of any objections and the timeliness of Plaintiffs' production. At the July 25, 2022 hearing, Plaintiffs argued that the RFP were not properly served. ECF No. [375-1] at 6. Plaintiffs also argued that even when there is technical non-compliance with a discovery deadline, in the absence of any showing of prejudice to the requesting party, objections should not be deemed waived. United States Magistrate Judge Otazo-Reyes rejected Plaintiffs' arguments, deemed Plaintiffs' objections to the RFP to be waived, and ordered Plaintiffs **[*4]** to serve amended response without objections, and to continue to produce documents on a rolling basis, with the production to be completed no later than thirty (30) days from the date of her order. *See* ECF Nos. [359] ("Order"), [375-1] at 10.

In the Objection, Plaintiffs argue that the Order should be set aside as an improper application of law because it evidences inequity between rulings and overlooks the merit of the cause for the inadvertent delay.

## II. LEGAL STANDARD

Pursuant to this Court's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." *S.D. Fla. L. Mag. R. 4(a)(1)*; *see Fed. R. Civ. P. 72(a)* (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC, 310 F.R.D. 689, 690 (S.D. Fla. 2015)*. A finding is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Malvaes v. Constellation Brands, Inc., No. 14-21302-civ, 2015 U.S. Dist. LEXIS 80532, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015)* (quoting *Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005)*). "'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.'" *Wausau Underwriters Ins. Co., 310 F.R.D. at 690* (quoting *S.E.C. v. Merkin, 283 F.R.D. 699, 700 (S.D. Fla. 2012)*).

The "'clearly erroneous' review is **[*5]** very different from the *de novo* review and adoption of a Report and Recommendation on a dispositive Order, and more closely resembles an appellate function." *Combs v. Town of Davie, No. 06-60946-CIV-COHN/SNOW, 2007 U.S. Dist. LEXIS 13931, 2007 WL 676102, at *2 (S.D. Fla. Feb. 28, 2007)*. A magistrate judge is afforded broad discretion as to discovery matters, and reversal of a magistrate's discovery-related order is appropriate only where that discretion is abused. *See Ellis v. United States, No. 3:15-cv-1078-J-34JBT, 2016 U.S. Dist. LEXIS 55935, 2016 WL 1658706, at *2 n.3 (M.D. Fla. Apr. 27, 2016)* (citing *Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001)*) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views on the issue." *Pendlebury v. Starbucks Coffee Co., No. 04-80521-CIV, 2007 U.S. Dist. LEXIS 94813, 2007 WL 4592267, at *1 (S.D. Fla. Dec. 28, 2007)*; *see Batista v. Nissan N. Am., Inc., No. 14-24728-Civ-Scola, 2015 U.S. Dist. LEXIS 177227, 2015 WL 10550409, at *1 (S.D. Fla. Dec. 8, 2015)* ("The district court may not undo the magistrate judge's determination simply because it is convinced that it would have decided the case differently." (internal quotations omitted)). "This standard has been described as a very difficult one to meet." *Manno v. Healthcare Revenue Recovery Grp., LLC, No. 11-61357, 2012 U.S. Dist. LEXIS 132860, 2012 WL 4192987, at *2 (S.D. Fla. 2012)* (internal quotations omitted).

"A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis, 2016 U.S. Dist. LEXIS 55935, 2016 WL 1658706, at *1* (quotations omitted). In the Eleventh Circuit, "the 'contrary to **[*6]** law' standard [is] more deferential than *de novo* review." *2016 U.S. Dist. LEXIS 55935, [WL] at *1 n.3* (citing *Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. 1981)*[1] ("[A] magistrate['s nondispositive orders] are

---

[1] In *Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)* (*en banc*), the court adopted as binding precedent all

reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations."); *see also Scuotto v. Lakeland Tours, LLC, No. 3:13-cv-1393-J-34JRK, 2015 U.S. Dist. LEXIS 39574, 2015 WL 1418718, at *1 n.4 (M.D. Fla. Mar. 27, 2015)*. However, "'application of an improper legal standard . . . is never within a court's discretion.'" *Dulaney v. Miami-Dade Cnty., No. 09-23259-CIV, 2011 U.S. Dist. LEXIS 13056, 2011 WL 382773, at *1 (S.D. Fla. Feb. 2, 2011)* (quoting *Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002)*). Through this lens, the Court reviews Plaintiffs' Objection.

## III. DISCUSSION

Plaintiffs argue that the Order is contrary to law because Judge Otazo-Reyes misapplied the Local Rules, *Rule 34 of the Federal Rules of Civil Procedure*, and case law governing waiver and calendaring oversight. Plaintiffs also argue that the Order is clearly erroneous and was an abuse of discretion.[2] Molfetta Defendants respond that Judge Otazo-Reyes correctly applied the Local Rules and Rules of Civil Procedure and considered the relevant factors in reaching her conclusion.

### A. Judge Otazo-Reyes did not misapply the Local Rules

Plaintiffs argue first that Judge Otazo-Reyes misapplied Local Rule 5.1(e) in finding no merit to their argument that the RFPs were not properly served. According to Plaintiffs, **[*7]** the Local Rules require that all attorneys must be served at every email address designated in CM/ECF, attaching an example of a Notice of Electronic Filing showing additional email addresses associated with Plaintiffs' counsel to which the RFP was not sent. *See* ECF No. [375-7]. Upon review, the Court disagrees with Plaintiffs' proffered interpretation.

Local Rule 5.1(e) states as follows:

> **Consent to Service**. Registration as an electronic filing user pursuant to Southern District of Florida CM/ECF Administrative Procedures §3B constitutes consent to receive service electronically pursuant to *Fed. R. Civ. P. 5(b)(2)(E)* and *Fed. R. Crim. P. 49* and waiver of any right to receive service by any other means. Service of papers required to be served pursuant to *Fed. R. Civ. P. 5(a)* and *Fed. R. Crim. P. 39* but not filed, such as discovery requests, may be made via email to the address designated by an attorney for receipt of notice of electronic filings.

*S.D. Fla. L.R. 5.1(e)*. While this Local Rule specifies that registration by an attorney on CM/ECF constitutes consent to email service, the Rule does not state that service of discovery requests must be made on every single email address associated with each attorney. Indeed, the Local Rule states permissively that service *may* be made to *the* address designated by **[*8]** an attorney for receipt of notice of electronic filings. In addition, while the Notice of Electronic Filing may show additional email addresses to which notice is electronically mailed, the docket sheet on CM/ECF lists only the emails for each attorney.

Similarly, Plaintiffs' argument that service of the RFP was ineffective because not every attorney was sent the RFP also lacks merit. At the hearing before Judge Otazo-Reyes, Plaintiffs confirmed that they had received the RFP via email:

> THE COURT: None of the attorneys had looked at their emails apparently or noticed this request and so your objection for the improper service is that the assistants were not included, correct? Not that you all didn't get it, right?
> MR. LEGER: Right. To be specific, it is that Nelson Mullins didn't include on the email service all of the same email addresses that would have been included on the regular CM/ECF filings.
> THE COURT: But they did send it to the attorneys and apparently the attorneys just missed it, right?
> MR. LEGER: That's right, your Honor. We did receive it, but because it didn't include the people who would do the calendaring, it was not calendared.

ECF No. [375-1] at 8. Even if Molfetta Defendants **[*9]** had served the other attorneys, Plaintiffs have not indicated that *those* individuals included "the people who do the calendaring." Accordingly, Judge Otazo-Reyes did not misapply or misinterpret Local Rule 5.1(e) in determining that Plaintiffs' argument regarding the sufficiency of service is entirely devoid of merit.

---

decisions of the Fifth Circuit issued prior to October 1, 1981.

[2] Plaintiffs also assert that Molfetta Defendants' request for relief was untimely, but they failed to raise that argument before Judge Otazo-Reyes. As such, the Court does not consider it here.

### B. Judge Otazo-Reyes did not misapply Rule 34 or case law

Plaintiffs argue next that Rule 34, which governs requests for production, does not contain an explicit provision providing for waiver of objections resulting from failure to timely serve. As such, Judge Otazo-Reyes should have at least considered whether good cause might have precluded waiver. The Court disagrees.

While Rule 34 may not contain a provision waiving objections when requests for production are not timely objected to, the Local Rules unequivocally do:

> Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. **Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, *shall* be waived**.

S.D. Fla. L.R. 26.1(e)(2)(A) (emphasis added). The plain language of the Local Rule indicates that the failure to timely **[*10]** object results in waiver. Moreover, "[c]ourts in this District generally find that failure to timely respond to discovery requests results in waiver of any objections." Whitwam v. JetCard Plus, Inc., 304 F.R.D. 664, 666 (S.D. Fla. 2015) (citations omitted).

In addition, the Local Rule does not contain a good cause exception, nor do Plaintiffs point to any authority requiring the Court to undertake such an inquiry in these circumstances. Even if the Court were to consider good cause, the Court would not find it here. Plaintiffs rely upon Bivins v. Rogers, No. 15-cv-81298-MARRA/MATTHEWMAN, 2016 U.S. Dist. LEXIS 193826, 2016 WL 10571036, at *1-2 (S.D. Fla. Dec. 16, 2016), and contend that waiver is not warranted where there is calendaring oversight. However, the Court does not find Bivins to be analogous or persuasive. In Bivins, the discovery was sent via email to the plaintiff's attorney with an insufficiently detailed subject line. 2016 U.S. Dist. LEXIS 193826, 2016 WL 10571036, at *2. The plaintiff argued that the failure to respond was due to excusable neglect. 2016 U.S. Dist. LEXIS 193826, [WL] at *1. Here, Plaintiffs have made no such argument, contending instead that service of the RFPs was ineffective, and therefore, no obligation to respond to the RFPs attached. But Plaintiffs do not dispute that they received the RFPs, and the Court agrees with Judge Otazo-Reyes that "this business of not including the secretaries is no excuse." ECF No. [371-1] at 10.

Although Plaintiffs disagree **[*11]** with Judge Otazo-Reyes's conclusion, it is not clearly erroneous or contrary to law.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Objection, **ECF No. [375]**, is **OVERRULED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on October 17, 2022.

/s/ Beth Bloom

**BETH BLOOM**

**UNITED STATES DISTRICT JUDGE**

---

**End of Document**