UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24670-LENARD/Elfenbein

**SHANTEE REESE**,

    Plaintiff,

v.

**ALORICA, INC.**,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S ORAL MOTION TO COMPEL, ECF NO. [39]**

**THIS CAUSE** is before the Court on Plaintiff Shantee Reese's ("Plaintiff") Notice of Hearing, ECF No. [37], in which Plaintiff alerted the Court to the following issues to be discussed at the May 29, 2024 Discovery Hearing (the "Hearing"):

> 1. The Parties dispute whether the Defendant should be compelled to provide its responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production.
>
> 2. The Parties further dispute whether the Defendant should be ordered to provide its discovery responses without objections, other than those based on the attorney-client or work-product privileges.

ECF No. [37] at 1.

At the Hearing, the Parties provided the Court with the facts giving rise to the instant discovery dispute, which I will briefly recount here: On March 4, 2024, Plaintiff served Defendant, Alorica, Inc. ("Defendant"), with her First Set of Interrogatories and First Request for Production. *See* ECF No. [37-2] at 2, 18. Defendant's discovery responses were due by April 4, 2024. *See id.* Thereafter, the Parties conferred, and Plaintiff agreed to give Defendant an additional 14 days

to provide discovery responses. Still unable to meet that deadline, Defendant sought and received from Plaintiff a second and third extension of time to comply — each lasting seven days.

Despite the multiple agreed-upon extensions of time, Defendant did not comply with Plaintiff's requests — at least not entirely. Defendant explained at the Hearing that it had sent several hundred pages of documents to Plaintiff in response to her Request for Production a few weeks back — in relation to the date of the Hearing. Plaintiff confirmed receipt of such documents but explained that Defendant did not provide contemporaneous written discovery responses, making it unclear whether those were all the responsive documents, whether additional documents would be forthcoming, or whether it was withholding documents based on objections. Evidently, Defendant was withholding documents, as it provided Plaintiff with a supplemental document production and written discovery responses containing objections *just hours before the Hearing*. Defendant indicated at the Hearing that it has no other responsive documents except for two written statements withheld on the basis of the work-product privilege. Notwithstanding the almost three-month period the Defendant had to prepare a privilege log, Defendant advised at the Hearing that no privilege log had been provided for the withheld documents.

Although Defendant substantially complied with Plaintiff's First Request for Production — albeit at its own pace and without the required privilege log, it provided no answers to Plaintiff's First Set of Interrogatories. Defendant explained that it is experiencing challenges in responding to the Interrogatories due to Plaintiff's brief term of employment with Defendant and the high turnover rate among employees working for Defendant. Notwithstanding this explanation, Defendant had nearly three months to provide answers and failed to do so.

CASE NO. 23-CV-24670-LENARD/Elfenbein

As the Court explained at the Hearing, it is **ORDERED and AJUDGED** as follows:

1. Plaintiff's Motion to Compel answers to her First Set of Interrogatories, **ECF No. [39],** is **GRANTED**. Defendant shall provide answers to Plaintiff's First Set of Interrogatories **no later than June 5, 2024**. Because Defendant failed to respond to Plaintiff's discovery requests in a timely manner, all objections — except those based on attorney-client or work-product privilege — are waived. *See Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, No. 20-CV-25318, 2022 WL 9762385, at *4 (S.D. Fla. Oct. 17, 2022) ("[F]ailure to timely respond to discovery requests results in waiver of any objections." (quoting *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 666 (S.D. Fla. 2015))).

2. Plaintiff's Motion to Compel responses to her First Request for Production, **ECF No. [39],** is **DENIED in part and GRANTED in part.** Because Defendant responded to the First Request for Production and produced all the requested documents in its possession, except for the two statements withheld based on the work-product privilege, there are no other documents for the Court to compel. However, Defendant failed to produce a privilege log as required, and for that reason, the Court **ORDERS** Defendant to produce a privilege log for the two written statements it is withholding based on work-product privilege **no later than June 5, 2024**. *See* S.D. Fla. L. R. 26.1(e)(2)(C) ("This rule requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection . . . .").

CASE NO. 23-CV-24670-LENARD/Elfenbein

**DONE and ORDERED** in Chambers in Miami, Florida on June 3, 2024.

*[signature: Marty FEb]*

_____
**MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record