# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:23-24670-CIV-LENARD/DAMIAN

SHANTEE REESE,

      Plaintiff,

v.

ALORICA INC.,
a foreign profit corporation,

      Defendant.

_____/

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

      Defendant, ALORICA INC., ("Alorica" or "Defendant"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby submits its Objections and Responses to Plaintiff's First Request for Production as follows:

**GENERAL COMMENTS AND QUALIFICATIONS**

      Defendant endeavored to respond to Plaintiff's Requests for Production on the basis of the best information available. Persons who are non-parties or who are no longer employees of Defendant may have relevant information or documents, but Defendant does not purport to provide in these responses, materials, if any, presently possessed by such persons.

      The Responses set forth herein are made without waiving the following:

      1.     The right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any material produced herein, for any purpose, in whole or in part, in any proceeding to this action or any other action;

2.      The right to object on any and all proper grounds at any time, to other requests or other discovery procedures involving or relating to the subject matter of the request for production herein responded to; and

3.      The right, at any time, to revise, correct, modify, or clarify any of the responses provided herein.

4.      All of Defendant's responses are made subject to the above statements and qualifications and assume that Plaintiff's requests to Defendant are not seeking information and/or documents prepared in anticipation of litigation or by/at the request or direction of undersigned counsel (Jackson Lewis P.C.) or prior defense counsel, or the various correspondence by and between Defendant and its counsel regarding the matters raised in Plaintiff's Complaint.

## REQUEST FOR PRODUCTION NO. 1

All documents in the possession or control of Defendant that relate or pertain to the Plaintiff.

## OBJECTION

Defendant objects to this Request on the grounds that it is extremely overbroad, all encompassing, vague, and ambiguous as to "All documents" that in any manner whatsoever "relate" or "pertain" to Plaintiff. Alorica is unsure what actual specific documents Plaintiff is seeking.

ALORICA also objects to this Request to the extent it seeks non-party employees' personnel files. As a general rule, there exists a strong public policy against the public disclosure of information contained within personnel files. *See, e.g., Platypus Wear, Inc. v. Clarke Modet & Co.,* No. 06-20976-CIV, 2007 U.S. Dist. LEXIS 94327, at *9 (S.D. Fla. Dec. 21, 2007) (citing *Williams v. Art Inst.,* No. 1:06-CV-0285-CC/AJB, 2006 U.S. Dist. LEXIS 62585, at *30 (N.D. Ga. Sep. 1, 2006))). The party seeking discovery of such confidential information must make a showing of necessity that outweighs the countervailing interest in maintaining the confidentiality of information contained within personnel files. *See CAC-RAMSAY Health Plans, Inc. v. Johnson,* 641 So. 2d 434, 435 (Fla. 3d DCA 1994) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case"); *Seta Corp. of Boca, Inc. v. Office of the Attorney General, Dep't. of Legal Affairs, State of Florida,* 756 So. 2d 1093, 1094 (Fla. 4th DCA 2000) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case"). *See also Maxwell v. Health Ctr. of Lake City, Inc.,* No. 3:05-cv-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, at *5 (M.D. Fla. June 6, 2006) ("Personnel files and records and [sic] are confidential in nature and . . . in most circumstances, they should be

protected from wide dissemination."); *Cook v. Yellow Freight Sys.,* 132 F.R.D. 548, 551 (E.D. Cal. 1990) (". . . [I]nitiation of a lawsuit does not, by itself, grant plaintiffs the right to rummage unnecessarily through the private affairs of anyone they choose"), *abrogated on other grounds by Jackson v. County of Sacramento,* 175 F.R.D. 653, 654 (E.D. Cal. 1997).

## <u>RESPONSE</u>

Subject to and without waiving the foregoing objections, and limiting its response accordingly, Alorica responds as follows: *See* ALORICA PROD 000001 - 000183. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 2

All documents identified and/or listed in your answers to Plaintiff's First Set of Interrogatories.

## OBJECTION

Alorica objects to this Request on the grounds that it seeks information and/or documents protected by the attorney-client and work product privileges.

## RESPONSE

Subject to and without waiving the foregoing objections, and reasonably limiting its response accordingly, Alorica responds as follows:  *See* ALORICA PROD 000001-000183. Also see Alorica's EEOC Position Statement. Discovery is ongoing and Defendant reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 3

All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

## OBJECTION

Alorica objects to this Request as violating the work product privileges as it requires the undersigned to disclose its mental impressions. *See Stevens v. United States,* 2011 U.S. Dist. LEXIS 161641 (S.D. Fla. Jul 25, 2011) (citing *Johnson v. Ocean Ships, Inc.,* 2006 U.S. Dist. LEXIS 52281 (W.D. Wash. 2006) (interrogatory and request for production held improper to extent discovery sought identity of exact witnesses and documents intended to be used to support each affirmative defense)). Plaintiff may not require ALORICA to reveal its counsel's evidentiary analysis and evaluate the comparative relevance of documents and information that supports its affirmative defenses. *Id.* ALORICA represents that it will produce all documents that it intends to use at trial in response to Plaintiff's Request for Production.

## **REQUEST FOR PRODUCTION NO. 4**

Any and all photographs, negatives, recordings, and/or videos of Plaintiff.

## **RESPONSE**

None locatable at this time.

## REQUEST FOR PRODUCTION NO. 5

Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and Defendant and/or Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's employment with Defendant.

## OBJECTION

Defendant objects to this request to the extent that Defendant does not have possession or control of its employees' private cellular phones or social media accounts.

## RESPONSE

Subject to and without waiving the foregoing objections, and reasonably limiting its response accordingly, Alorica responds as follows:  *See* the emails contained within ALORICA PROD 000001 - 000183.

## REQUEST FOR PRODUCTION NO. 6

Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between NATHAN CROSS and any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's employment with Defendant.

## RESPONSE

See above objection and response. As Plaintiff is aware, Mr. Cross no longer works for Defendant.

## REQUEST FOR PRODUCTION NO. 7

Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

## OBJECTION

See above objection. Additionally, Defendant objects to this request to the extent it is requesting communications with its counsel or between management regarding this litigation or the possibility of legal claims.

## RESPONSE

Subject to and without waiving the foregoing objections, and reasonably limiting its response accordingly, Alorica responds as follows:  *See* the emails contained within ALORICA PROD 000001- 000183.

## REQUEST FOR PRODUCTION NO. 8

Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

## RESPONSE

This Request is duplicative of Request &. See response to Request 7.

## REQUEST FOR PRODUCTION NO. 9

Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between NATHAN CROSS and any of Defendant's employees, agents, officers, or representatives, from October of 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

## OBJECTION

Defendant objects to this request in that Defendant does not have possession or control of its current or former employees' cellular phones or devices, which would be the primary devices on which this information would be stored. Mr. Cross is no longer employed with the Defendant.

## RESPONSE

Subject to and without waiving the foregoing objections, and reasonably limiting its response accordingly, Alorica responds as follows: *See* the emails contained within ALORICA PROD 000001- 000183.

## REQUEST FOR PRODUCTION NO. 10

All communications sent or received via the Defendant's internal messaging system, referring or relating to the keyword terms "Shante Reese" or from October of 2022 to the present.

## OBJECTION

Defendant objects to this request in that a blanket request for "anything with Plaintiff's name on it" is not a narrowly tailored request designed to lead to the discovery of relevant evidence or proportional to the needs of this case.

## RESPONSE

Subject to and without waiving the foregoing objections, and reasonably limiting its response accordingly, Alorica responds as follows: *See* the emails contained within ALORICA PROD 000001- 000183.

## REQUEST FOR PRODUCTION NO. 11

Any and all non-privileged communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, or other forms of internal communication between Defendant's employees, managers, officers, and/or other staff discussing Plaintiff and/or the claims asserted in this lawsuit, from October of 2022 to the present.

## OBJECTION

This request is duplicative of other above requests. Additionally, Defendant objects to this request to the extent that Defendant does not have possession or control of its employees' cellular phones or devices, which would be the primary devices on which this information would be stored.

## RESPONSE

Subject to and without waiving the foregoing objections, and reasonably limiting its response accordingly, Alorica responds as follows: *See* the emails contained within ALORICA PROD 000001- 000183.

## REQUEST FOR PRODUCTION NO. 12

All documents that relate or pertain to any position(s) that Plaintiff held with Defendant, including but not limited, documents referring to or relating to Plaintiff's performance evaluation, salary or wages, position(s) applied for, any other employment related matters.

## RESPONSE

*See* pertinent responsive documents contained within ALORICA PROD 000001- 000183.

## REQUEST FOR PRODUCTION NO. 13

All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

## RESPONSE

See above response.

## REQUEST FOR PRODUCTION NO. 14

All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of her employment with Defendant.

## RESPONSE

See above response.

## REQUEST FOR PRODUCTION NO. 15

All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

## RESPONSE

See above response.

## REQUEST FOR PRODUCTION NO. 16

All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by Defendant, including but not limited to payroll records, commissions records, W-2 forms, and 1099s Forms.

## RESPONSE

See above response.

**REQUEST FOR PRODUCTION NO. 17**

The complete personnel file of Plaintiff SHANTE REESE including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time; and, if not included in the personnel file, all documents which reflect or set forth Plaintiff's job duties and responsibilities during her relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or write-ups, and all documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff.

**RESPONSE**

See above response. These records have been produced previously.

## REQUEST FOR PRODUCTION NO. 18

The complete personnel file of NATHAN CROSS, including employment application, resume, acknowledges of receipts of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file any time; and, if not included in the personnel file, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against NATHAN CROSS, and any complaints or reports about her made by any employee or agent of Defendant, or third party (including all communications with any supervisors, manager and Human Resources representatives).

## OBJECTION

Defendant also objects to this Request to the extent it seeks non-party employees' personnel files. As a general rule, there exists a strong public policy against the public disclosure of information contained within personnel files. *See, e.g.*, *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-20976-CIV, 2007 U.S. Dist. LEXIS 94327, at *9 (S.D. Fla. Dec. 21, 2007) (citing *Williams v. Art Inst.*, No. 1:06-CV-0285-CC/AJB, 2006 U.S. Dist. LEXIS 62585, at *30 (N.D. Ga. Sep. 1, 2006))). The party seeking discovery of such confidential information must make a showing of necessity that outweighs the countervailing interest in maintaining the confidentiality of information contained within personnel files. *See CAC-RAMSAY Health Plans, Inc. v. Johnson*, 641 So. 2d 434, 435 (Fla. 3d DCA 1994) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case"); *Seta Corp. of Boca, Inc. v. Office of the Attorney General, Dep't. of Legal Affairs, State of Florida*, 756 So. 2d 1093, 1094 (Fla. 4th DCA 2000) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case"). *See also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-

1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, at *5 (M.D. Fla. June 6, 2006) ("Personnel files and records and [sic] are confidential in nature and . . . in most circumstances, they should be protected from wide dissemination."); *Cook v. Yellow Freight Sys.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) (". . . [I]nitiation of a lawsuit does not, by itself, grant plaintiffs the right to rummage unnecessarily through the private affairs of anyone they choose"), *abrogated on other grounds by Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997).

## <u>REQUEST FOR PRODUCTION NO. 19</u>

The complete personnel file of JOSEFINA GOMEZ, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, and any complaints or reports of discrimination, harassment, or retaliation made by her against any of Defendant's employees.

## <u>OBJECTION</u>

ALORICA also objects to this Request to the extent it seeks non-party employees' personnel files. As a general rule, there exists a strong public policy against the public disclosure of information contained within personnel files. *See, e.g.*, *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-20976-CIV, 2007 U.S. Dist. LEXIS 94327, at \*9 (S.D. Fla. Dec. 21, 2007) (citing *Williams v. Art Inst.*, No. 1:06-CV-0285-CC/AJB, 2006 U.S. Dist. LEXIS 62585, at \*30 (N.D. Ga. Sep. 1, 2006))).  The party seeking discovery of such confidential information must make a showing of necessity that outweighs the countervailing interest in maintaining the confidentiality of information contained within personnel files.  *See CAC-RAMSAY Health Plans, Inc. v. Johnson*, 641 So. 2d 434, 435 (Fla. 3d DCA 1994) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case"); *Seta Corp. of Boca, Inc. v. Office of the Attorney General, Dep't. of Legal Affairs, State of Florida*, 756 So. 2d 1093, 1094 (Fla. 4th DCA 2000) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case").  *See also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, at \*5 (M.D. Fla. June 6, 2006) ("Personnel files

and records and [sic] are confidential in nature and . . . in most circumstances, they should be protected from wide dissemination."); *Cook v. Yellow Freight Sys.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) (". . . [I]nitiation of a lawsuit does not, by itself, grant plaintiffs the right to rummage unnecessarily through the private affairs of anyone they choose"), *abrogated on other grounds by Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997).

## REQUEST FOR PRODUCTION NO. 20

The complete personnel file of each individual identified in response to Plaintiff's Interrogatory No. 15, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefits information, and any other documents, records, memoranda, notes, or computer printouts which were part of her personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against each individual, and any complaints or reports about her made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

## OBJECTION

ALORICA also objects to this Request to the extent it seeks non-party employees' personnel files. As a general rule, there exists a strong public policy against the public disclosure of information contained within personnel files. *See, e.g.*, *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-20976-CIV, 2007 U.S. Dist. LEXIS 94327, at *9 (S.D. Fla. Dec. 21, 2007) (citing *Williams v. Art Inst.*, No. 1:06-CV-0285-CC/AJB, 2006 U.S. Dist. LEXIS 62585, at *30 (N.D. Ga. Sep. 1, 2006))). The party seeking discovery of such confidential information must make a showing of necessity that outweighs the countervailing interest in maintaining the confidentiality of information contained within personnel files. *See CAC-RAMSAY Health Plans, Inc. v. Johnson*, 641 So. 2d 434, 435 (Fla. 3d DCA 1994) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case"); *Seta Corp. of Boca, Inc. v. Office of the Attorney General, Dep't. of Legal Affairs, State of Florida*, 756 So. 2d 1093, 1094 (Fla. 4th DCA 2000) ("It is error for the trial court to order

the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case").  *See also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, at *5 (M.D. Fla. June 6, 2006) ("Personnel files and records and [sic] are confidential in nature and . . . in most circumstances, they should be protected from wide dissemination."); *Cook v. Yellow Freight Sys.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990) (". . . [I]nitiation of a lawsuit does not, by itself, grant plaintiffs the right to rummage unnecessarily through the private affairs of anyone they choose"), *abrogated on other grounds by Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997).

## REQUEST FOR PRODUCTION NO. 21

All documents that related pertain to Defendant's personnel handbook provided to employee at the outset of their employees at the outset of their employment, which was in effect during the course of Plaintiff's employment, which describes Defendant's employment policies to prevent discrimination under federal and state employment discrimination laws.

## RESPONSE

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## <u>REQUEST FOR PRODUCTION NO. 22</u>

All documents that relate or pertain to Defendant's policies or procedures regarding harassment, discrimination, and retaliation which were in effect during Plaintiff's employment with the Defendant.

## <u>RESPONSE</u>

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## **REQUEST FOR PRODUCTION NO. 23**

All documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding the investigation of employee complaints of discrimination or relation, which were in effect during Plaintiff's employment with Defendant.

## **RESPONSE**

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 24

All documents that relate or pertain to Defendant's policies, including EEO (Equal Employment Opportunity) policies, employee computer and internet use policies, internal complaint or grievance procedures, EAP Program, vacation and paid time off policies and procedures, and employee discipline policies (including but not limited to, counseling, written warning, suspensions, demotion, and termination policies), policies on promotions and/or severance pay, which were in effect during Plaintiff's employment with Defendant.

## RESPONSE

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 25

All documents that relate or pertain to Defendant's policies concerning sexual harassment, which were in effect during Plaintiff's employment with Defendant.

## RESPONSE

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## **REQUEST FOR PRODUCTION NO. 26**

All documents that relate or pertain to Defendant's policies regarding absenteeism, sick leave, sick days, personal days, missing or leaving work, which were in effect at any time during Plaintiff's employment.

## **RESPONSE**

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 27

All documents that reflect, describe, or relate to the financial condition (including all assets and liabilities) of Defendant, for the past five (5) years, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss, and income tax returns (including information returns).

## OBJECTION

This request has no relevance to the claims at bar at this time, and far more likely than not will have no bearing on any issue in this case. Plaintiff will be unable to meet the rather high standards for entitlement to jury instructions regarding punitive damages calibrated to the financial net worth of Defendant.

Defendant objects to this Request on the grounds that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence as information regarding Defendant's net worth or financial condition is premature at this stage of litigation.  Liability and damages are not a function of the employers' net worth in the claims asserted.  Defendant further objects to the extent the phrase "financial condition" is unduly vague and ambiguous.

In addition, Defendant objects to Plaintiff's Request based upon rulings related to punitive damages.  The U.S. Supreme Court has frowned upon the use of a defendant's financial position as a basis for awarding damages, and has "instructed courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *See State Farm Mutual Auto. Ins. Co. v.*

*Campbell*, 538 U.S. 408 418 (2003).  Notably, the financial status of a defendant is not a factor. In fact, the Supreme Court found that the wealth of a defendant "cannot justify an otherwise unconstitutional punitive damages award."  *Id.* at 427 (citing *BMW of N. Am. v. Gore*, 517 U.S. 559, 585 (1996)).  *See also Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994) ("The presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses").

More recently, in *Vital Pharmaceuticals, Inc. v. Ohel*, 308 So. 3d 160, 165 (Fla. 4th DCA 2020), the Fourth DCA reversed a trial court that permitted financial worth discovery with respect to an FCRA claim that was similar to the one at issue in this Action.  In that case, as in this one, there was a naked assertion in the Complaint with respect to punitive damages, but no facts were established to support a punitive damages award.  In overturning the lower court's order permitting such discovery, the Fourth District held: "The trial court departed from the essential requirements of law in failing to recognize its duty and ability under *Tennant* to protect a litigant from intrusive financial worth discovery when there is no actual factual basis for recovery of punitive damages." Judge Warner was so concerned with this type of abusive discovery that she specially concurred to state that because of the punitive damages cap in the FCRA, "to require financial discovery in many cases may be so out of proportion to the maximum amount of punitive damages recoverable under the cap as to appear as a form of harassment . . . [t]he ability to bring [a FCRA] claim should not be threatened by harassing litigation tactics."  *Id.* at 164-65.  The Southern District of Florida has reached the same conclusion.  *See Sheely v. MRI Radiology Network, P.A.*, No. 05-61240-Civ-COHN/SNOW, 2006 U.S. Dist. LEXIS 102844 *3 (S.D. Fla. May 22, 2006) (denying motion to compel regarding financial worth discovery where plaintiff failed to include a proffer of evidence in support of the claim for punitive damages).  Accordingly, Defendant asserts that this Request,

especially at this stage of the litigation, is fundamentally improper.

## REQUEST FOR PRODUCTION NO. 28

All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal complaints, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Defendant since January 1, 2019.

## OBJECTION

Objection. This request is extremely overbroad and not reasonably tailored in temporal or geographic scope to comport with the proportional needs of the case. Additionally, this is a classic "fishing expedition" request, seeking information that far more likely than not is not going to be germane to the claims at bar.

## REQUEST FOR PRODUCTION NO. 29

All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal complaints, discrimination, and/or retaliation, which were made by any person against of Defendant's employees, agents, managers, officers, supervisors or directors at any time during Plaintiff's employment with Defendant.

## OBJECTION

Objection. This request is extremely overbroad and not reasonably tailored in temporal or geographic scope to comport with the proportional needs of the case. Additionally, this is a classic "fishing expedition" request, seeking information that far more likely than not is not going to be germane to the claims at bar.

## <u>REQUEST FOR PRODUCTION NO. 30</u>

All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against NATHAN CROSS at any time during his employment.

## <u>OBJECTION</u>

This request has no relevance to any issue in this litigation.

## REQUEST FOR PRODUCTION NO. 31

All non-privileged documents of Plaintiff's complaints of harassment, discrimination, or retaliation, during the course of Plaintiff's employment with the Defendant.

## RESPONSE

*See* ALORICA PROD 000001 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 32

All documents, including emails and text messages, relating to or evidencing any investigation by Defendant into Plaintiff's complaints of discrimination and/or harassment, which are at issue in this lawsuit, and the action taken in response to those complaints and/or investigations.

## RESPONSE

*See* ALORICA PROD 000001 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 33

All documents supplied to any state, federal and/or local agency by Defendant regarding Plaintiff, including but not limited to any and all documents showing communications between Agency and any city, state, federal and/or local Official concerning Plaintiff, including position statements given to the EEOC and/or the Florida Commission of Human Rights.

## RESPONSE

*See* ALORICA PROD 000001 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 34

All documents that relate or pertain to Plaintiff's applications for promotions or alternative positions with Defendant throughout the entirety of her employment, including but not limited to applications, job postings, resumes, candidate lists, interview records/notes, and calendaring.

## RESPONSE

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## REQUEST FOR PRODUCTION NO. 35

All documents, including emails and text messages evidence, reflecting, or describing, in whole or in part, the Plaintiff's resignation and/or termination.

## RESPONSE

*See* ALORICA PROD 000184 and forward. Discovery is ongoing and Alorica reserves the right to supplement this response.

## <u>REQUEST FOR PRODUCTION NO. 36</u>

All documents you intend to introduce at trial and/or summary judgment to defend against Plaintiff's claims or to support the affirmative defenses raised in your answer.

## <u>OBJECTION</u>

Undetermined at this time. Additionally, this request necessarily and impermissibly calls for the legal interpretations and mental impressions of defense counsel as to what documents or evidence may support or pertain to certain allegations or defenses.

## <u>REQUEST FOR PRODUCTION NO. 37</u>

All documents that relate or pertain to those persons who Defendant intends to call as an expert witness, as well as the copy of said expert's report, memoranda or other items contained in said expert witness' file including all correspondence or emails between said expert and Defendant or Defendant's counsel, if any.

## <u>RESPONSE</u>

None at this time.

## REQUEST FOR PRODUCTION NO. 38

All documents received as a result of any subpoena(s), release(s), FOIA request(s), you have issued in connection with this matter.

## RESPONSE

None at this time.

## REQUEST FOR PRODUCTION NO. 39

All statement, oral or written, sworn or otherwise, taken from any witnesses, Defendant's current or former employees, officers, representatives, or agents or any third parties, and any memoranda of interviews concerning the subject matter of this litigation.

## OBJECTION

Defendant objects to producing such documents as they are either attorney work product and/or prepared by Defendant in anticipation of litigation.

## REQUEST FOR PRODUCTION NO. 40

Any report or other document provided to you by private investigator that relate or refer to the above-style matter.

## RESPONSE

None at this time.

## REQUEST FOR PRODUCTION NO. 41

All documents which relate or pertain to any agreements between you and any third parties concerning Plaintiff or the subject matter of this action.

## OBJECTION

This information is not relevant at this time, and may (or may not) become relevant only at such time that Plaintiff is deemed to have substantially prevailed in this action.

CASE NO.:23-cv-24670

## REQUEST FOR PRODUCTION NO. 42

All insurance policies pursuant to which any portion of claims alleged in this case will or may be indemnified.

## OBJECTION

This information is not relevant at this time, and may (or may not) become relevant only at such time that Plaintiff is deemed to have substantially prevailed in this action.

Dated:  May 29, 2024                    Respectfully served,

*/s/ Dion Cassata*
Dion J. Cassata, Esq.
Email: *dion.cassata@jacksonlewis.com*
Florida Bar No. 672564

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2024, a true and correct copy of the foregoing document was served via Electronic mail on all counsel of record.

*s/ Dion J. Cassata*
Dion J. Cassata, Esq.

50

## SERVICE LIST

Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
E-mail: *kyle@dereksmithlaw.com*

DEREK SMITH LAW GROUP, PLLC
520 Brickell Key Drive, Suite O-301
Miami, Florida 33131
Telephone: (305) 946-1884

*Counsel for Plaintiff*

Dion J. Cassata, Esq.
Florida Bar No. 672564
E-mail: *dion.cassata@jacksonlewis.com*

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

4870-0682-5667, v. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:23-24670-CIV-LENARD/ELFENBEIN

SHANTEE REESE,

      Plaintiff,

v.

ALORICA INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## DEFENDANT ALORICA INC.'S PRIVILEGE LOG

    Defendant, Alorica Inc. ("Alorica" or "Defendant"), by and through its undersigned

counsel, submits its log of documents that have been redacted or withheld for the following reasons:

| Bates Nos. | Document Type | Description | Date | Parties | Reason | Redacted/ Withheld |
|---|---|---|---|---|---|---|
| | Declaration, written witness statement | Sarah Reynolds witness declaration | 9/12/2023 | Sarah Reynolds | Work Product, created in anticipation of litigation | Withheld |
| | Declaration, written witness statement | Jorge Padilla witness declaration | 9/16/2023 | Jorge Padilla | Work Product, created in anticipation of litigation | Withheld |
| | | | | | | |

CASE NO.: 23-24670-CIV

Dated:  June 5, 2024

Respectfully served,

*/s/ Dion Cassata*
Dion J. Cassata, Esq.
Email: *dion.cassata@jacksonlewis.com*
Florida Bar No. 672564

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2024, a true and correct copy of the foregoing document was served via Electronic mail on all counsel of record.

*s/ Dion J. Cassata*
Dion J. Cassata, Esq.

## SERVICE LIST

Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
E-mail: *kyle@dereksmithlaw.com*

DEREK SMITH LAW GROUP, PLLC
520 Brickell Key Drive, Suite O-301
Miami, Florida 33131
Telephone: (305) 946-1884

*Counsel for Plaintiff*

Dion J. Cassata, Esq.
Florida Bar No. 672564
E-mail: *dion.cassata@jacksonlewis.com*

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:23-24670-CIV-LENARD/ELFENBEIN

SHANTEE REESE,

      Plaintiff,

v.

ALORICA INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## DEFENDANT'S RESPONSES
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

     Defendant, Alorica Inc.  ("Defendant"), by and through its undersigned counsel, serves the following Responses to the First Set of Interrogatories directed to Defendant and propounded by Plaintiff, SHANTEE REESE ("Plaintiff")

## GENERAL COMMENTS AND QUALIFICATIONS

     Defendant endeavored to respond to Plaintiff's First Set of Interrogatories on the basis of the best information available.  Persons who are non-parties or who are no longer employees of Defendant may have relevant information or documents, but Defendant does not purport to provide in these responses, materials, if any, presently possessed by such persons.

     The answers set forth herein are made without waiving the following:

    1.     The right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any material produced herein, for any purpose, in whole or in part, in any proceeding to this action or any other action;

2.      The right to object on any and all proper grounds at any time, to other Interrogatories or other discovery requests involving or relating to the subject matter of the Interrogatories herein responded to; and

3.      The right, at any time, to revise, correct, modify, or clarify any of the responses provided herein.

All of Defendant's Answers are made subject to the above comments and qualifications and assume that Plaintiff's Interrogatories to Defendant are not seeking information and/or documents prepared in anticipation of litigation or by/at the request or direction of undersigned counsel (Jackson Lewis P.C.) or prior Defendant's counsel, or the various correspondence by and between Defendant and its counsel regarding the matters raised in Defendant's demand, charge, and/or complaint.

### INTERROGATORY NO. 1

Identify all persons whom you contend have knowledge of the facts and circumstances, including but not limited to any claims and/or defenses, alleged in the Pleadings, including the facts which you contend are known to each person, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person.

### RESPONSE

The below individuals had either some direct and/or peripheral interactions with Plaintiff and/or Nathan Cross during Plaintiff's brief employment with Defendant:

1. Dominique Adrien, learning delivery specialist, supervisor Linda Sullivan. Contact through defense counsel. Would have some knowledge of the operations, policies and procedures of Alorica and the work site; the circumstances surrounding Plaintiff's employment,; and Plaintiff's job performance and attendance issues.

2. Charles Alvarado, Operations Manager. Would have knowledge of the facts and circumstances surrounding Plaintiff's employment, her performance and attendance issues and the issues leading up to Plaintiff's termination. Would have knowledge of routine monitoring of team chat messages, how it was discovered that Reese and another agent had discussed in the chat that a third agent, Nathan Cross, had made inappropriate jokes.

3. Lisa Atkins, HR Business Partner. No longer employed by Alorica. Would have some knowledge of the operations, policies and procedures of Alorica and the work site; the circumstances surrounding Plaintiff's employment, Plaintiff's complaints, the Company's investigations thereof; and Plaintiff's job performance and attendance issues.

4. Jennifer Cowey. Team Manager. Ms. Cowey was Ms. Reese's direct supervisor. Would have knowledge of the facts and circumstances surrounding Plaintiff's employment, her performance and attendance issues and the issues leading up to Plaintiff's termination. Would have knowledge of routine monitoring of team chat messages, how it was discovered that Reese and another agent had discussed in the chat that a third agent, Nathan Cross, had made inappropriate jokes.  Contact through defense counsel.

5. Nathan Cross – former co-worker of Plaintiff's. Would have knowledge of his interactions with Plaintiff and observations of her at work, his claimed consensual sex with Plaintiff in his vehicle while on the employer's premises, Plaintiff's attendance and job performance issues. Was terminated from Alorica.

6. Thomas Fernandez, co-worker of Plaintiff. Would have knowledge of his interactions with Plaintiff and observations of her at work, Plaintiff identified him as having knowledge of some of the alleged actions of Nathan Cross.

3

7.      Josephina Gomez, co-worker of Plaintiff. Would have knowledge of her interactions with Plaintiff and observations of her at work. Plaintiff identified her as having knowledge of some of the alleged actions of Cross.

8.      Earnestine Huggins, manager. Would have knowledge of Plaintiff's frequent unauthorized AUX status and that she was impermissibly often not on the production floor. Would have knowledge of the facts and circumstances surrounding Plaintiff's employment, her performance and attendance issues and the issues leading up to Plaintiff's termination. Contact through defense counsel.

9.      Jorge Padilla, Senior Team Manager, (Ms. Cowey reported to Mr. Padilla). Would have knowledge of the facts and circumstances surrounding Plaintiff's employment, her performance and attendance issues and the issues leading up to Plaintiff's termination. No longer employed by Alorica.

10.     Sarah Reynolds, Manager Customer Experience Operations. Oversaw the group of managers, including Cowey and Padilla. Would have knowledge of the facts and circumstances surrounding Plaintiff's employment, her complaints, her performance and attendance issues and the issues leading up to Plaintiff's termination. Contact through defense counsel.

11.     Penny Richard, Would have knowledge of the facts and circumstances surrounding Plaintiff's employment, her complaints, the Company's investigation thereof, her performance and attendance issues and the issues leading up to Plaintiff's termination.

12.     Andres Sanchez, Site Director, would have knowledge of the operations and policies and procedures for the work site, and may have some knowledge of the circumstances surrounding Plaintiff's employment, Plaintiff's complaint, the Company's investigations thereof, Plaintiff's job performance and attendance issues.

13.     Carissa Smith, HR Manager. Would have some knowledge of the operations, policies and procedures of Alorica and the work site; the circumstances surrounding Plaintiff's employment, Plaintiff's complaints, the Company's investigations thereof; Plaintiff's job performance and attendance issues; and Plaintiff's termination.

14.     Jacqueline Stiteler,     HR Director. Would have some knowledge of the operations, policies and procedures of Alorica and the work site; the circumstances surrounding Plaintiff's employment, Plaintiff's complaints, the Company's investigations thereof; and Plaintiff's job performance and attendance issues.

See the below table for additional contact and other information:

| NAME | Active/Term/ Term Date | Term Reason | Phone # | Address | Personal Email | Gender |
|------|------------------------|-------------|---------|---------|----------------|--------|
| Padilla, Jorge | Term  - 12-OCT-2023 | Voluntary - Resign | (305) 233-9775 | 14360 SW 175th St | jorge.padilla29@gmail.com | Male |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | Miami FL 33177 | | |
| Cross, Nathan | Term – 20-JAN-2023 | Involuntary - Conduct | (305) 878-9239 | 7201 NW 16th St Plantation FL 33313 | nathancross100@yahoo.com | Male |
| Alvarado, Charles | Term – 22-MAR-2024 | Involuntary – Layoff | Not on File | 15071 SW 63rd Terrace Miami FL 33193 | i305icharlya@gmail.com | Male |
| Atkins, Lisa | Term – 28-APR-2023 | Involuntary – Layoff | (423) 933-5959 | 37 Pine Drive Ringgold GA 30736 | lmatkins03@gmail.com | Female |
| Sanchez, Andres | Term – 22-JUN-2023 | Involuntary – Layoff | (786) 719-9610 | 16118 SW 106th Terrace Miami FL 33196 | Not on File | Male |
| Smith, Carissa | Term – 05-MAY-2023 | Voluntary – Resign | (480) 252-2423 | 2509 NW Acorn Dr. Blue Springs MO 64014 | Not on File | Female |
| Solomon "Huggins", Earnestine | ACTIVE Sr. Team Manager | | | | Should be contacted through Defense counsel | Female |
| Reynolds, Sarah | ACTIVE Sr. Operations Manager | | | | Should be contacted through Defense counsel | Female |
| Adrien, Dominique | ACTIVE Learning Delivery Specialist | | | | Should be contacted through Defense counsel | Female |
| Richard, Penny | ACTIVE Employee Relations Investigator | | | | Should be contacted through Defense counsel | Female |

5

## **INTERROGATORY NO. 2**

Identify the name, address, telephone number and email address of any person, entity or internal department who provided information, consultation, or assistance with answering these Interrogatories. If applicable, please include an identified person's official position or relationship to the Defendant.

### **RESPONSE**

a)      Catherine Manofsky, in-house counsel for Defendant, c/o defense counsel

b)      Susannah Lawler, Director Human Resources -Trust & Safety for Defendant, c/o defense counsel

**INTERROGATORY NO. 3**

List all documents, with particularity, that you consulted, relied on, or have any relationship to the substance of these Interrogatories even if you did not consult with such documents to prepare these Interrogatories. Please state the title of each document, identify its signatories, including their title, the date the document was prepared or signed, and the name of its present custodian and present location. Please identify and list separately, any and all drafts of each document. Finally, if a document is stored electronically and/or in binary format, please state the location of the hard drive or other media where the information is stored.

**RESPONSE**

Alorica does not understand what Interrogatory 3 is asking. Alorica did not "prepare these Interrogatories."

**INTERROGATORY NO. 4**

State every known instance Defendant or Defendant's agent(s) reprimanded, counseled, or otherwise disciplined Plaintiff, whether oral, written, or otherwise. Include the extend of the punishment for Plaintiff's alleged violation and described the applicable internal policy. Additionally, please include the name of the individual who reprimanded Plaintiff on Defendant's behalf.

**RESPONSE**

See the extensive narratives detailing such information in the "Factual Background" section of Alorica's EEOC Position Statement, Exhibit 9 to Request for Information letter response, and ALORICA PROD. 000467-000568.

## **INTERROGATORY NO. 5**

For the last seven (7) years, state in detail any and all prior allegations made against Defendant for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against Defendant with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission of Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance with the Defendant's policy. For each claim, list the following:

    a.  The name, address and telephone number for the claimant and his/her attorney;

    b.  The nature of the event;

    c.  The names and address of all parties involved;

    d.  The date and manner in which the event was resolved; and

    e.  If any Court filing, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

## **RESPONSE**

As of June 2024, the company has over 83,000 employees in Bulgaria, Canada, China, Colombia, Dominican Republic, Egypt, Guatemala, Honduras, India, Jamaica, Japan, Mexico, Panama, Paraguay, Philippines, Poland, South Africa, United Kingdom, United States and Uruguay. It is simply not possible for the Company to respond to this Interrogatory within the time frame requested, nor is such an onerous interrogatory proportional to the needs of this case. Defendant objects to this interrogatory as overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonable calculated to lead to the discovery of admissible information.

## **INTERROGATORY NO. 6**

State in detail any and all prior allegations made against NATHAN CROSS for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against NATHAN CROSS with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance. For each claim, list the following:

      a.  The name, address, and telephone number for the claimant and his/her attorney;

      b.  The nature of the event;

      c.  The name and address of all parties involved;

      d.  The date and manner in which the event was resolved; and

      e.  If any Court filing, the caption of the case with the name and address of the Court and the file/index number assigned to the action.

## **RESPONSE**

Alorica is not aware of any such allegations prior to the allegations made by Plaintiff.

**INTERROGATORY NO. 7**

Identify if NATHAN CROSS has ever been arrested and/or convicted of a criminal offense, either by trial or guilty plea, identify the county and/or federal judicial district where he was convicted, the crime, date of conviction, and the case number. For each arrest and/or conviction, please describe in detail the circumstances surrounding the arrest and/or subsequent conviction.

**RESPONSE**

Alorica is not aware of any arrest or conviction during Mr. Cross's employment with the Company. Any additional responsive information would be accessible via public records. Mr. Cross applied for employment and cleared the Company's background check protocols in 2022.

**INTERROGATORY NO. 8**

Describe any employment benefits Plaintiff received during her employment with Defendant, including but not limited to, Plaintiff's salary, in addition to health insurance benefits, sick leave benefits, or any other benefits Plaintiff was entitled to or eligible to receive as an employee of Defendant.

**RESPONSE**

Plaintiff was paid $17.00 per hour. She had not enrolled in any health benefits plans or retirement plans. Plaintiff was eligible to accrue paid time off ("PTO") in accordance with the Company's PTO policy.

## INTERROGATORY NO. 9

Identify each and every person from whom you, or anyone acting in your behalf, has obtained any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit. Include in your answer the identify of the custodian of same.

## RESPONSE

Defendant objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and notwithstanding those objections, Defendant has statements from Sarah Reynolds, Jorge Padilla, Lisa Atkins. See Defendant's Privilege Log.

## INTERROGATORY NO. 10

List any and all written and/or recorded statements or reports of all witnesses or potential witnesses in this lawsuit in your possession, custody or control, excluding any privileged reports or statements between any party to this action and the party's attorneys.

## RESPONSE

See response to Interrogatory No. 9.

## **INTERROGATORY NO. 11**

Identify all persons involved in and/or otherwise aware of the investigation into Plaintiff's complaints and accusations as related to her employment with Defendant and the asserted discriminatory practices, including, but not limited to, human resources personnel, supervisors, employees, independent contractors, or any other person who acted as Defendant's agent(s), and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person. Include in your response all documents prepared, obtained, and/or otherwise reviewed during the course of any such investigation.

## **RESPONSE**

See ALORICA PROD. 000467-000568. Also see the narrative section of Defendant's EEOC Position Statement.

## INTERROGATORY NO. 12

Identify all employees who were responsible for either preparing and/or administering Defendant's personnel, employee(s) and human resources policies, trainings, and/or procedures during the Plaintiff's employment with Defendant, including but not limited to the employee(s) designated and responsible for receiving and investigating complaints of discrimination, harassment, and/or retaliation from employees.

## RESPONSE

Defendant identifies the following individuals responsive to this interrogatory as it relates to Plaintiff and her employment:

| NAME | TITLE | Supervisor | Gender |
|---|---|---|---|
| Adrien, Dominique | Learning Delivery Specialist (Trainer) | Sullivan, Linda | Female |
| Sullivan, Linda | Learning Delivery Manager | Clarke-Stubblefield, Miriam | Female |
| Cowey, Jennifer | Team Manager | Alvarado, Charles | Female |
| Alvarado, Charles | Operations Manager | Sanchez, Andres | Male |
| Atkins, Lisa | HR Business Partner | Smith, Carissa | Female |
| Smith, Carissa | HR Manager | Stiteler, Jacqueline | Female |
| Stiteler, Jacqueline | HR Director | Finnegan, Daniel | Female |
| Richard, Penny | Employee Relations Investigator | Pennington, Patricia | Female |
| Pennington, Patricia | Employee Relations Manager | Choi, Hannah | Female |

## INTERROGATORY NO. 13

Describe in detail any alleged deficiencies or issues that Defendant had with Plaintiff's work performance or attendance during Plaintiff's employment with Defendant, if any. In doing so, identify any and all documents which reflect said deficiencies or issues.

### RESPONSE

This information is detailed in the extensive narrative section of Defendant's April 13, 2024 EEOC Position Statement and ALORICA PROD. 000467-000568.

## INTERROGATORY NO. 14

Describe in detail the reason for the Plaintiff's termination, including the date of termination, and the name, title, supervisor, and gender, of any employee(s) involved, whether in whole or in part, in the decision to terminate the Plaintiff.

### RESPONSE

The reasons for Plaintiff's termination are detailed in Defendants' EEOC Position Statement and in the investigative documents contained in Exhibit 9 to the RIF Response letter, as well as ALORICA PROD. 000467-000568.

The following individuals participated in the decision to terminate Plaintiff.

| NAME | TITLE | Supervisor | Gender |
|------|-------|------------|--------|
| Cowey, Jennifer | Team Manager | Alvarado, Charles | Female |
| Alvardo, Charles | Operations Manager | Sanchez, Andres | Male |
| Atkins, Lisa | HR Business Partner | Smith, Carissa | Female |
| Smith, Carissa | HR Manager | Stiteler, Jacqueline | Female |

## INTERROGATORY NO. 15

Identify all employee(s) of Defendant in the State of Florida who have been terminated from January 1, 2019, to the present, for the same reason described in response to Interrogatory No. 14 above, including the name, title, supervisor, worksite, and gender, of any employee(s) identified.

14

## RESPONSE

Since January 2019, according to Company records, over 11,000 employees in Florida were terminated. Thus, it is simply not possible for Alorica to compile the information requested by the Interrogatory within the response timeframe requested, nor is it proportional to the needs of this case. Defendant objects to this interrogatory to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonable calculated to lead to the discovery of admissible information.

## INTERROGATORY NO. 16

Identify any complaint(s) of discrimination or harassment reported by the Plaintiff to the Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any remedial action taken in connection with, or in response to, such complaint(s).

## RESPONSE

The narrative describing Plaintiff's complaints and the actions the Company took in response are detailed in Defendant's EEOC Position Statement already produced. It is also detailed in the investigative findings already produced. See Exhibit 9 to Request for Information letter response and ALORICA PROD. 000467-000568.

## INTERROGATORY NO. 17

Identify any complaint(s) of discrimination or harassment reported by any employee against NATHAN CROSS during his employment with Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any investigation or inquiry in connection with, or in response to, such complaint(s).

## RESPONSE

Other than Plaintiff's claim, none known.

## INTERROGATORY NO. 18

Identify any investigations or inquiries conducted in response to any complaint(s) of discrimination or harassment reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (4) the name, tittle, and gender of any employee(s) responsible for conducting the investigation.

### RESPONSE

The narrative describing the investigation the Company did in response to Plaintiff's complaints is detailed in Defendant's EEOC Position Statement. It is also detailed in the investigative findings already produced. (See Exhibit 9 to Request for Information letter response and ALORICA PROD. 000467-000568).

## INTERROGATORY NO. 19

Describe in detail the reason for NATHAN CROSS' termination, including the date of termination, and the name, title, supervisor, and gender, of any employee(s) involved, whether in whole or in part, in the decision to terminate NATHAN CROSS.

### RESPONSE

Mr. Cross was terminated on or about 1/20/2023 for violations of Company policy, including admitted inappropriate conduct of a physical nature at the workplace. He admitted to having a consensual sexual encounter with Plaintiff in his car while on Company premises. The below individuals were involved in the decision to terminate Cross:

| NAME | TITLE | Supervisor | Gender |
|------|-------|-----------|--------|
| Cowey, Jennifer | Team Manager | Alvarado, Charles | Female |
| Atkins, Lisa | HR Business Partner | Smith, Carissa | Female |
| Smith, Carissa | HR Manager | Stiteler, Jacqueline | Female |
| Stiteler, Jacqueline | HR Director | Finnegan, Daniel | Female |
| Richard, Penny | Employee Relations Investigator | Pennington, Patricia | Female |

16

### <u>INTERROGATORY NO. 20</u>

Identify all employees of Defendant whom you contend had supervisory authority over the

Plaintiff during the course of the Plaintiff's employment with the Defendant, and provide the name,

title, supervisor, and gender, and indicate whether they are still employed with Defendant.

### <u>RESPONSE</u>

Dominique Adrien
Learning Delivery Specialist (Trainer)
Supervisor Linda Sullivan
Female
Still with the Company

Jorge Padilla
Senior Team Manager
Supervisor Sara Reynolds
Male
No longer with the Company

Jennifer Cowey
Team Manager
Supervisor Jorge Padilla
Female
Still employed with the Company.

### <u>INTERROGATORY NO. 21</u>

State the terms of any insurance agreement under which any person or entity engaged in the

insurance business may be liable to satisfy part or all of any judgment which may be entered against

Defendant in this action.

### <u>RESPONSE</u>

Defendant does not believe insurance would cover any part or all of a judgment.

*CASE NO.: 23-CV-24670*

## <u>VERIFICATION</u>

I, Susannah Lawler, pursuant to 29 U.S.C. §1746, declare under penalty of perjury that the foregoing and following is true and correct.

1.     I am a corporate representative for the Defendant in the above-referenced matter.  I am familiar with the facts set forth herein.

2.     I have reviewed the above responses to Plaintiff's First Set of Interrogatories directed to Defendant and verify, upon penalty of perjury, that they are true and correct.

_____
Susannah Lawler
Director of Human Resources


__June 5, 2024_____
Date

18